182 So.2d 898

**Doyle BAGGETTE**

v.

**Erma E. BAGGETTE.**

I Div. 187.

Supreme Court of Alabama.

Feb. 10, 1966.

Wilters & Brantley, Bay Minette, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

LIVINGSTON, Chief Justice.

Erma E. Baggette sued Doyle Baggette for a divorce in the Circuit Court of Baldwin County, in Equity, alleging cruelty as the grounds therefor. Doyle Baggette filed a cross bill by which he sought a divorce on the same grounds, cruelty.

The appeal is from a decree granting the wife a divorce, the custody of the two minor daughters of the parties, with the right of the father to have custody on alternating week ends, fifty dollars per month for the support and maintenance of said minor children, and a reasonable attorney's fee for representing the wife in the litigation. The decree also provided for the occupancy of the home place by the wife and minors, the monthly payment by the husband of the mortgage on the home; that the wife deliver to the husband certain insurance policies standing in his name, and the tools left on the place. The husband appealed.

The trial court heard the evidence ore tenus.

The well-known and oft-repeated rule is, that where evidence is heard orally by the trial court, the judgment or decree of that court will not be disturbed unless it is plainly and palpably wrong and unjust. The reason for the rule is obvious. The trial court has the witnesses before him, he hears them testify, he observes their demeanor on the stand, and in many cases, knows the parties and their background. He is much better positioned than are appellate courts to render a correct and just judgment or decree. We know of no task more difficult for an appellate court than that of reviewing a record involving difficulties between emotionally upset people, especially is this so where the welfare and best interests of minor children are involved.

The parties to this litigation had been married for over fifteen years when this suit was commenced. They had two daughters, Linda Carol Baggette, 14 years of age, and Mattie Sharon Baggette, 11 years old.

Many witnesses testified to the good character of both the husband and the wife. They were characterized as church-going Christian people. The daughters testified that they loved both parents and the parents loved them. They did express a preference for being in the custody of their father, but that was, perhaps, because the mother appears from the record to be the sterner disciplinarian.

It would contribute nothing to the legal lore of this state were we to attempt to set out or analyze all the evidence in the record. We have carefully examined all of it, and are clear to the conclusion that the learned trial judge was in a far better position than we to resolve a most difficult problem, and we are unwilling to say that he was in error in doing so.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.