261 So.2d 911

**Curtis E. ELLISON**

v.

**Julie W. ELLISON.**

**7 Div. 42.**

Court of Civil Appeals of Alabama.

May 10, 1972.

Reynolds & Reynolds, Clanton, for appellant.

James S. Hubbard, Anniston, for appellee.

WRIGHT, Judge.

Appellant appeals from a decree modifying a divorce decree rendered in the Circuit Court of Calhoun County, Alabama, on October 21, 1965. In the original decree, appellee was granted a divorce, custody of two minor children and support for the children in the amount of $125.00 per month.

Shortly after the original decree appellee and the children moved to Florida, where she went to work. She remains a resident of Florida.

Appellant remarried on November 8, 1967. His present wife has a child by a previous marriage. They reside in a new home at Jemison, Alabama. In February 1971, appellee asked that appellant come to Florida and get the children, as she was unable to properly care for them. She was anticipating a job transfer to another location in Florida or to Washington, D. C. There is some dispute as to whether the change in custody was intended to be permanent or until appellee could move and make better arrangements for caring for the children.

In any event, appellant and his wife went to Miami, Florida, and brought the children back to their home in Jemison, where they finished the school term. Ap·

pellee had in the interim relocated in Orlando, Florida, and rented premises for herself and the children. She notified appellant that she was coming for the children at the end of the school term.

Prior to her arrival, appellant filed a petition to modify the original decree and requested custody of the children. Appellee filed a cross petition requesting custody to be returned to her, payment of past due support payments and an increase in child support.

The court heard both petitions *ore tenus* and entered a decree maintaining custody in appellee; determined past due support to be in the total amount of $744.25; and increased child support payments to $175.00 per month. The decree was entered July 27, 1971. It is from this decree that appeal is taken.

Appellant alleged and sought to prove changes in circumstances to justify modification of the original decree as to custody. The court, having heard the evidence *ore tenus*, determined that modification of custody was not shown to be to the best interest of the children, aged 9 and 8. Appellant charges error in the decree in this respect.

█ We have examined the evidence presented to the trial court pertaining to the moral and financial fitness of the parents. We find nothing to condemn in either. We are certain that the court below was of the same opinion. The paramount concern of trial and appellate courts in child custody cases is the best interests and welfare of the children involved. Northcutt v. Northcutt, 45 Ala.App. 646, 235 So. 2d 896.

█ It is the well established rule in this state that if the legal evidence fairly supports the finding of the trial court in matters of custody, the appellate court will not disturb such finding on review. McGee v. McGee, 284 Ala. 320, 224 So.2d 672.

█ We see no point in setting out the testimony here as there was no serious conflict of fact therein which would support our holding that the decree of the trial court was palpably wrong.

Appellant presents as error that part of the decree directing payment of $744.25 in past due child support.

█ Child support payments fixed by a decree become final judgments on the date they are due, and may be collected as other judgments. Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147. Appellant concedes the law but contends there was insufficient evidence to support the court's figures.

Appellant in argument does not point out wherein the court's figures are wrong except to say that he thinks the amount due is less. Appellee thought it to be more. There was introduced an exhibit from a court in Florida relating to reciprocal nonsupport payments to appellee from appellant in the amount of $100.00 per month. These payments began in January 1969 in response to a reciprocal nonsupport action begun in Florida, with a decree being entered thereon in the Circuit Court of Chilton County, Alabama.

█ Though not presented on this appeal, we would not consider the reciprocal nonsupport decree to alter the payments due under the original divorce decree. Such payments would only be a credit thereon. We inject this point only to suggest it may have been involved in the court's calculations of the amount past due. In any event, in view of the absence of evidence to the contrary stronger than the mere opinion of the appellant, we are bound by the presumption of the correctness of the court's findings. Such findings from the evidence heard orally have the verity of a jury verdict. Harrison v. Harrison, 279 Ala. 675, 189 So.2d 471.

Appellant further charges error in the aspect of the decree increasing child support from $125.00 to $175.00 per month.

In view of appellant's increased earnings and the increased needs of the children, who are now in school, we do not consider the trial court to have abused its discretion in the increased child support. Appellant's own evidence was to the effect that his income was between $800.00 and $900.00 per month. His present wife also works and has an income of over $400.00 per month.

The amount of child support to be granted either upon original decree or upon petition for modification rests within the sound discretion of the court after consideration of the needs of the child and the ability of the parent to pay. Wise v. Watson, 286 Ala. 22, 236 So.2d 681.

Appellant assigns as error the failure of the decree to require bond securing the return of the children to the jurisdiction of the court in the event of failure of appellee to comply with the visitation rights granted to appellant in the decree.

It does not appear from the transcript that such omission from the decree was called to the attention of the court, either by petition or by motion for rehearing. We do not say such action was necessary for the court to have required such bond as we have been cited to no authority which requires it. Neither have we been informed that bond in cases where custody is given to a parent residing out of the state is mandatory in the decree. It was stated in Harrison v. Harrison, supra, that bond in such cases is appropriate, but in Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561, it was stated that the requiring of bond was discretionary with the trial court though in some cases such requirement may be wise. We believe that each case must stand on its own facts.

There was no indication in this case that the requirement of bond to insure compliance with the decree or the return of the children to Alabama, if required, was necessary. There was no evidence of particular rancor between the parties or that appellee had ever denied appellant visitation rights in Florida. There was indication that appellee was likely to have difficulty making any substantial bond. We find no evidence that the court abused its discretion in failing to require bond.

The further charge is made by appellant that there was error in the decree for that it failed to set specific visitation rights to appellant. The decree granted to the appellant the right to visit the children and have them visit him at reasonable times and places commensurate with their health, education and welfare.

Though Harrison v. Harrison, supra, held under its own facts, that visitation, rights could be stated more explicitly in order to avoid further disagreement between the parties, it does not depart from the general rule giving to the trial court the discretion to determine visitation rights. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891. While often specific dates and times of visitation are desirable, it is not always so. If the parties are amenable and place the welfare and best interest of the children ahead of their own, general rights are sufficient. There is nothing in the record in this case to require the conclusion that the trial court did not act within its discretion. The legal presumption is that it did.

Finding no error in the record, we affirm the decree below.

Affirmed.