This appeal is from a final decree of divorce rendered by the Circuit Court of Talladega County. A complaint was filed by the appellant-wife seeking a divorce from appellee-husband, custody of the parties' three minor children, and child support in the amount of $50.00 per week. A decree pro confesso was entered granting appellant the relief sought. Thereafter, appellee moved to have the decree set aside and filed his answer and counterclaim. After an oral hearing the circuit court granted a final decree of divorce, awarding custody of the minor children to appellant and $50.00 a month for child support.
The sole issue before this court is whether the trial court abused its discretion in granting $50.00 per month for child support payments. We find such award to be plainly and palpably unjust, and an abuse of judicial discretion. We reverse.
The evidence shows that the parties were married on January 26, 1959. The marriage produced three children who are now ages thirteen, twelve and eight. In December 1966, the parties separated.
For the past six years appellant has been employed at the same textile mill which *Page 5 
employs her husband. She earns $3.14 per hour; he earns $3.26 per hour. Her weekly income after deductions for credit union expenses, taxes and insurance, is approximately $72.00; his weekly income after the same deductions is approximately $67.00. Both parties testified to the amount of monthly expenditures for food, utilities, and travel expenses each incurs. Appellant's expenses exceed her income by approximately $100 each month. Appellant further testified that she faces surgery which will require hospitalization for eight or nine days and that she will not be able to work for three months thereafter, during which period she will be without income.
Appellee testified that he had occasionally given appellant money during their eight years of separation, that he had spent some $300 or $400 buying Christmas gifts for the children, and that he bought the children necessities whenever they asked for them. In response to a question from the court, appellee stated that he could pay $25.00 per week to support the children.
The amount of child support to be granted depends upon the needs of the child or children and the ability of the parent to pay; the award lies within the sound discretion of the court.Ellison v. Ellison, 48 Ala. App. 80, 261 So.2d 911 (1972). The general rule is that where the evidence is heard ore tenus by the trial court, its findings are presumed to be correct and will not be overturned unless plainly and palpably wrong and unjust. Baggette v. Baggette, 279 Ala. 167, 182 So.2d 898
(1966).
After reviewing the evidence we conclude that the trial court abused its discretion in awarding only $50.00 per month for child support. Although it appears that the parties are equal in their earning capacity, the ledger is not evenly balanced. While appellee is supporting only himself, there are four members in appellant's household. As we said in Chancellor v.Chancellor, 52 Ala. App. 10, 288 So.2d 794 (1974), we believe that one person can live on less income than four people.
Furthermore, appellee-husband testified that he thought that the sum of $25.00 per week would be a reasonable amount and that he was able to pay that amount. This sum is twice the figure awarded in the final divorce decree. The apparent disregard of appellee's ability to pay, according to his own testimony, particularly in light of the evident need of the wife and children, was the sort of arbitrary action which goes beyond judicial discretion. Horsley v. Horsley, 50 Ala. App. 445, 280 So.2d 150, cert. den. 291 Ala. 782, 280 So.2d 155
(1973).
Appellee refers us to several cases which upheld grants of $50.00 per month for child support where one or more minor children were involved. These cases are not controlling here, for each case of this type is to be decided according to all the surrounding circumstances, the relative status of the parties, and the need of the minor children. Moreover, in each case cited by appellee, the minimal child support award was coupled with a property settlement or with a continuing responsibility on the part of the husband-father to pay various expenses incurred by the children. In the case before us there was no additional property settlement or award of alimony. The appellee is not charged with paying any medical or educational expenses that might be incurred by the children in the future.
We hold therefore that in this instance the learned trial court erred to reversal when it failed to grant a reasonable sum to the wife as child support. Hence, the trial court's judgment as to the amount of child support awarded is reversed and the cause remanded for the entry of a judgment awarding $25.00 per week to the wife as child support.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 6