This is a divorce case.
The dispositive issue on appeal is whether the trial court's division of property was an abuse of discretion so as to require a reversal. The husband contends that there was such abuse. We disagree and affirm.
While the record on appeal is voluminous, the pertinent facts reveal the following:
The parties were first married in 1945. One child was born of the union. This child is now over twenty-one years of age. The parties first divorced in 1971; a division of property by agreement was made at that time. The parties remarried that same year and lived together until they separated in 1975.
Both parties are now employed and have been employed by the same respective employers for over twenty years. Upon retirement, both will be the recipients of liberal retirement benefits. The wife earns approximately $18,000 a year. The husband earns approximately $12,000 a year. There is also testimony that since the first divorce in 1971, the wife has earned considerably more money than the husband. The husband is fifty-two years old and is an alcoholic; the wife is fifty years old. Both are in apparently good health except for the husband's "drinking" problem.
Other than certain personal property, not involved on this appeal, the parties owned two pieces of real property. The division of this real property is the subject of this appeal. In the trial court's decree regarding the real property we find the following:
 "1. Sannoner Street residential property in the City of Florence, owned jointly by Wife and Husband with right of survivorship and purchased by them for use and occupancy by Wife's aged mother, found by the court to have an appraised value of $21,750.00 with mortgage debt thereon of approximately $5,250.00 and with equity ownership in each of the parties of approximately $8,250.00, awarded in full to Wife subject to her payment of the balance mortgage indebtedness thereon.
 "2. Hermitage Drive Residential property in City of Florence, homeplace of the parties, owned jointly by Wife and Husband with right of survivorship, found by the court to have an appraised value of $52,500.00 with mortgage debt thereon of approximately $26,900.00 and with equity ownership in each of the parties of approximately $12,800.00, awarded in full to Wife subject to her payment or discharge of the balance mortgage indebtedness thereon and further subject to Wife paying to Husband by way of adjustment of equities the cash sum of $9,800.00 within prescribed time certain, for which lien affixed by court against real estate in favor of Husband."
There was no award of periodic alimony and the divorce was granted on the ground of incompatibility of temperament.
The husband argues to this court that the above mentioned real property should have been sold and the proceeds equally divided. Put another way, the husband, through able counsel, contends that since both parties worked and both contributed in acquiring the assets the property should be divided equally.
Viewing the trial court's decree with the attendant presumption of correctness, we find no abuse of discretion in the above described division of property, and we cannot substitute our judgment for that of the trial court. Conwell v.Conwell, 56 Ala. App. 188, 320 So.2d 694.
As this court has stated on numerous occasions, a division of property does not have to be equal but one which is graduated to the nature of the case. See Hamaker v. Hamaker, 57 Ala. App. 333, 328 So.2d 588; 8 Ala.Dig. Divorce Key 25.
Keeping in mind the money earned by the respective parties, the trial court could well have concluded the wife and not the *Page 418 
husband was the primary source of funds which purchased the property in question and have considered this factor in arriving at the decree. See Crane v. Crane, 57 Ala. App. 685,331 So.2d 699. Additionally, the husband's problem with alcoholism may well have been a contributory factor in the trial court's conclusion that the wife should be granted the real property and be responsible for making the mortgage payments thereon.
Counsel for husband further contends in brief and during oral argument that since the divorce was granted on the ground of incompatibility of temperament, the alimony statutes, to wit, Tit. 34, § 31-33, Code of Ala. 1940, are inapplicable. As we perceive the husband's contentions, they are the same as that presented in Huggins v. Huggins, 57 Ala. App. 691,331 So.2d 704. We, here, reaffirm what was said in Huggins, supra, and find no error by the trial court.
The wife has filed with this court a motion for an award of attorney's fee in this appeal. In view of the facts as set out hereinabove we decline to award such fee. Motion denied.
This court, after careful consideration of all the evidence and the issues presented by the husband in his excellent brief, finds no abuse of discretion by the trial court so as to require reversal.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.