This is a divorce case. The only issue is whether the amount of child support awarded by the trial court is so inadequate as to require reversal. We find that it is and reverse and remand.
The parties were married in January of 1974 and separated in November of 1975. One child was born of the marriage. The child, at the time of the divorce, was approximately one and one-half years old. The husband at the time of the divorce, was twenty-one years old and the wife was nineteen. The husband's father owns a nursery and the husband is employed by the father. The husband earns $225 every two weeks. During the marriage, the wife was in large means unemployed. At the time of the divorce, the wife had obtained employment and was to earn approximately $100 per week.
While the parties were married, they lived rent free in a house owned by the husband's father. The husband testified that he now lives in the same house but must now pay his father rent of $100 per month, but the utilities are paid by his father. Additionally, the husband testified that he owned dogs and horses which were for pleasure. Apparently, the husband spent approximately $55 per month on his livestock. However, he testified that while he had not yet derived any income from the horses, he was planning to do so.
Each party testified concerning their expenditures and needs. The wife testified she was in need of $40 per week as child support. The husband, who had been previously ordered to pay temporary support of $20 per week, testified, "I have been doing good to pay the $20."
With the above in mind, the learned trial judge in pertinent part ordered the husband to pay $15 per week as child support. In addition, for the child, the husband was required to provide hospital and medical insurance. This insurance was a group policy apparently through his employment. No alimony was awarded to the wife.
This court recognizes the general rule that where the evidence is heard ore tenus by the trial court, its findings are presumed to be correct and will not be overturned unless plainly and palpably wrong and unjust. Baggette v. Baggette,279 Ala. 167, 182 So.2d 898.
The amount of child support to be granted depends upon the needs of the child or children and the ability of the parent to pay. The award lies within the sound discretion of the court.Ellison v. Ellison, 48 Ala. App. 80, 261 So.2d 911.
After reviewing the evidence, we must conclude that in this instance the able trial judge abused his discretion in awarding only $15 per week for child support.
The evidence is clear that the husband earns $450 or more per month; that he only has himself to support; that he has stable employment; that his housing expenses are minor; that he is able to spend, what some might term, a considerable sum on, in large measure, pleasure animals; that no alimony, periodic or otherwise, was awarded the wife; that the husband is not required to pay routine medical expenses. In addition, it is clear that the husband was in fact able to pay the previously awarded temporary support of $20. See Townsend v. Townsend, Ala.Civ.App., 337 So.2d 4.
The above clearly indicates to this court that the husband has the ability to pay more than the ordered $15 per week. *Page 40 
Suffice it to say that the need of the child or any child in 1976 is greater than $15 per week. In any event, the mother testified to a need of $40 per week. Needless to say, ability to pay and need must always be balanced.
We therefore find that the learned trial judge's apparent disregard of the husband's ability to pay and the need of the child was the sort of arbitrary action which goes beyond judicial discretion. Horsley v. Horsley, 50 Ala. App. 445,280 So.2d 150, cert. denied 291 Ala. 782, 280 So.2d 155.
We hold, therefore, that in this instance the trial court erred to reversal when it failed to grant a reasonable sum for child support. Hence, the trial court's judgment as to the amount of child support awarded is reversed and the cause remanded for entry of a judgment awarding $25 per week as child support.
The attorney for the wife has requested that this court award him a fee for representing the wife on this appeal. A fee of $200 is hereby awarded.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.