This is a divorce case.
The primary issues on appeal are whether the trial court erred to reversal in its division of property and in its award of alimony and child support payments.
The wife, who brings this appeal, also contends through able and distinguished counsel that the trial court erred in granting the divorce on grounds of incompatibility of temperament rather than for adultery. We perceive no error with regard to the trial court's ruling on these matters and, accordingly, affirm.
The wife's complaint for divorce alleged as grounds therefor incompatibility of temperament and the commission of adultery by her husband. Hearings on these matters were held on December 18, 1975, and July 28, 1976.
Viewing the evidence adduced at these proceedings in accordance with the attendant presumption of correctness which attaches to the trial court's ruling, we find the following:
Mary Phillips, plaintiff below and appellant herein, and H. Atlee Phillips, appellee-husband, were married in 1947. Both worked throughout their marriage. For the last thirteen years, the wife has been *Page 788 
employed at First National Bank, where she earns approximately $525 per month.
The husband's average annual taxable income for the years 1971-1973 was approximately $7,300. During this time he was employed as a salesman. However, commencing in 1973, the husband opened his own food brokerage business. This business operated at a loss in 1974. The amount of income he thereafter derived from the business is questionable. He testified that he withdrew $300 per month from the business during the first six months of 1975. However, we note that there were other funds drawn from the business by the husband for expenses. Additionally, there were other funds from the business apparently available to the husband. In any event, his adjusted gross income as shown on his tax return for 1975 was $395.
While married, the parties purchased a three bedroom brick home. They paid $4,000 as a down payment for the home and financed the remaining $10,500 of the purchase price. The balance on the mortgage at the time of divorce was approximately $2,100, payable in $89 monthly installments. The home was valued at $25,000-$35,000.
The parties also owned two other parcels of real property. One, a lake lot purchased for $1,000, had an estimated value of $3,000. They also had acquired a building, which the husband used as a business office, for $10,000. There was a balance of $4,500 owed on the mortgage on this building at the time of trial; fair market value of the building was $17,000.
Additionally, the parties owned two automobiles and furniture and household items. The furniture and household items were estimated to be worth $10,000-$12,000.
The husband and wife's daughter, Rose Fenese Phillips, was fourteen at the time of the divorce decree. The wife itemized $95 in monthly expenditures required for the support of the daughter. The husband testified that he was unable to pay over $200 per month for child support.
Evidence regarding the incompatibility of the parties revealed that the husband's "drinking problems" significantly contributed to the demise of the marital relationship. The wife testified that on several occasions she had had to retrieve the husband from motel rooms and attempt to sober him up.
Around midnight on June 29, 1975, the wife, in company of her sister and daughter, found the husband in a motel room with his secretary, who had been in his employ for one year. Both the husband and secretary were scantily clad, and the husband's face was covered with lipstick. Testimony also showed the secretary accompanied the husband on his out-of-town business trips. Both the husband and secretary denied ever having had sexual intercourse.
The wife testified that there was no hope of reconciliation between her and her husband.
On August 11, 1976, the trial court rendered its decree granting a divorce to the wife on incompatibility of temperament. The wife was awarded custody of the daughter, $10 per month alimony, and $100 per month child support. She also received one of the two automobiles owned by the parties and certain household goods. The husband was awarded the other automobile and the business building. The home, lake lot, and all other property was ordered sold and the proceeds divided equally between the parties.
The wife's motion to alter, amend, or vacate the judgment was overruled by the court and she thereafter took this appeal.
As previously stated, the wife contends the trial court erred in granting the decree for incompatibility of temperament rather than for adultery. She cites numerous cases for the proposition that adultery may be proven "if the circumstances would lead the guarded discretion of a reasonable and just man" to such a conclusion. She says the above evidence compels a finding of adultery in this instance. We disagree.
This court has previously addressed itself to this same argument under similar circumstances. In Brooke v. Brooke,57 Ala. App. 704, 331 So.2d 715 (1976), we stated: *Page 789 
 "[S]uffice it to say that the evidence in regard to [the grounds for divorce was] . . . somewhat in conflict. It is for the trier of facts to resolve that conflict. While there was evidence to support a finding of adultery, the trial court did not so find. The law in this instance does not allow this court to substitute our own judgment for that of the trial judge. . . ." (57 Ala. App. at 707, 708, 331 So.2d at 718)
We deem the above language to be fully applicable to this case.
The wife also contends the trial court's award of alimony and child support and its division of property were such as to warrant reversal. We must disagree with each of these contentions.
The division of property, grant of child support, and award of alimony are matters within the sound discretion of the trial court and are not to be reversed on appeal absent a manifest abuse of discretion. Mullinax v. Mullinax, 56 Ala. App. 676,325 So.2d 185 (1976); Eubanks v. Eubanks, 52 Ala. App. 224,291 So.2d 159 (1974); Ellison v. Ellison, 48 Ala. App. 80,261 So.2d 911 (1972).
There is no mathematical formula to ascertain the propriety of the amount awarded as alimony. Self v. Self, 49 Ala. App. 665, 275 So.2d 345 (1973).
It can hardly be said that $10 per month constitutes a substantial sum. It does little to assist the wife in meeting her estimated $850 per month in living expense. However, the magnitude of the husband's income is a material consideration in the award of alimony. Capra v. Capra, 56 Ala. App. 90,319 So.2d 286 (1975). Here, the trial court could reasonably have determined that such an amount was all the husband could reasonably be expected to pay at that time. Moreover, the husband's testimony was to the effect that he received only $300 per month in wages, one third of which was designated for child support payment. We cannot say that under the circumstances herein the award of alimony is an abuse of discretion warranting reversal, even though it might not coincide with what this court would have done in the first instance. We point out that an allowance of alimony installments not in gross is subject to modification as circumstances may warrant. Dean v. Dean, 51 Ala. App. 249,284 So.2d 276 (1973).
The amount of child support to be granted depends upon both the needs of the child and the ability of the parent to pay.Metcalf v. Metcalf, Ala.Civ.App., 340 So.2d 38 (1976). Here, the wife itemized $95 in monthly expenditures required for the support of the daughter. The trial court's award of $100 per month as child support assured these expenses will be paid by the husband. Moreover, under one view of the evidence, the trial judge could reasonably have concluded that the husband's income was $300 per month or less. Hence, it seems apparent that the trial court considered the needs of the child and the father's limited ability to pay in establishing the amount of the monthly payments. Although we may not agree with the amount of child support awarded in this instance, the law will not permit this court to substitute its judgment for that of the trial court. A showing of changed circumstances will allow modification of the amount of the payments. Clutts v. Clutts,54 Ala. App. 43, 304 So.2d 599 (1974). We cannot say the award by the trial court constitutes reversible error.
The division of property in a divorce proceeding should be equitable. Dickson v. Dickson, 57 Ala. App. 732, 331 So.2d 740
(1976). The division does not have to be equal but should be graduated according to the nature of the case. Hamaker v.Hamaker, 57 Ala. App. 333, 328 So.2d 588, cert. denied, 295 Ala. 404, 328 So.2d 594 (1976). Here, each party was given an automobile. Additionally, the husband was given his business office and the wife a number of household items. The remainder of the property, real and personal, was ordered sold and the proceeds therefrom equally divided. The husband received property more valuable in amount only to the extent that the value of the *Page 790 
office building exceeded that of the personalty awarded to the wife. The trial judge could reasonably have concluded that the husband had financially contributed more to the acquisition of the property during the twenty-seven years of marriage than had the wife. Moreover, the award of the office building could have been viewed by the trial court as enabling the husband to continue his livelihood. See Griffin v. Griffin, Ala.Civ.App.,338 So.2d 416 (1976). A greater disparity between amounts awarded to the respective spouses than is present here has been sustained on other occasions by this court. Griffin andDickson, supra.
The decree of the trial court is to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.