HOLMES, Judge.
This is a divorce case.
The wife appeals. There are two issues on appeal: 1. Did the trial court err to reversal in the amount of the award of alimony in gross? 2. Does the failure of the husband to comply with the wife’s motion to produce certain documents require reversal? We find no reversible error and affirm.
The parties were married for six years. The husband is approximately sixty years of age and the wife is fifty years of age. Each party had a separate estate at the time of marriage.
The decree granting the divorce on the ground of incompatibility of temperament, in effect, restored the parties to their respective financial state prior to the marriage. Additionally, the wife was awarded $1,000 as what we determine to be alimony in gross.
The above does not state all of the facts as presented by able counsel for the wife. We, however, in this instance deem the above sufficient as no precedential or other value would be served by stating additional testimony or evidence.
Suffice it to say, we find no abuse of discretion by the trial court in its award of alimony in gross. As this court has often stated concerning an award of alimony in gross, each case stands upon its own facts *120 and no mathematical formula may be applied; the amount of alimony is a matter of discretion for the lower court and will not be revised on appeal in the absence of abuse. See 8 Ala.Dig. Divorce &wkey;235, 241, and 286(3).
In this instance, considering all the factors including the somewhat limited duration of the marriage, we find no such abuse so as to require reversal. For this court to find otherwise, we would have to substitute our judgment for that of the trial court. This the law does not permit. Scott Paper Co. v. Novay Cherry Barge Service, Inc., 48 Ala.App. 368, 265 So.2d 150 (1972); 2A Ala.Dig. Appeal & Error &wkey;989.
As to the wife’s second contention concerning the motion to produce, the following is revealed by the record:
In September of 1977, the wife filed a motion for the husband to produce certain documents. These documents concern financial records including tax returns. Apparently, no action by the trial court was taken on this motion. The matter came to trial some time thereafter and at the close of the evidence (at the conclusion of the ore tenus hearing), the wife’s counsel stated the following:
“I filed a motion here before trial here to produce that type stuff and I would like to make a motion that everything I have requested in my motion be produced to the Court.”
The husband objected. After some discussion, the trial court sustained the husband’s objection. Thereafter, there was further discussion concerning certain of the requested documents. The following by the wife’s counsel next appears in the record:
“We withdraw our motion. She doesn’t know where any is and she doesn’t have them, she says, so we withdraw.”
Quite frankly, it is not clear to this court precisely what the wife is referring to regarding the “withdrawing of the motion.” However, it could be said that the “withdrawal” refers to the motion to produce.
According the trial court the usual presumption of correctness, we cannot predicate reversible error on the above. Any previous error committed by the trial court concerning the sustaining of the husband’s objection to the wife’s motion to produce would, in view of the “withdrawing of the motion,” be error without injury. See Rule 45, ARAP.
In view of the above, the wife’s request for attorney’s fee on appeal is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.