This is a divorce case. *Page 932 
The husband appeals contending through able counsel that the trial court abused its discretion in the award of child support, alimony, and in its division of property. We find no such abuse and affirm.
This court determines that no useful purpose would be served by setting forth a detailed recitation of the facts. Suffice it to say that viewing the record with the attendant presumption of correctness, the following is pertinent:
The parties were married in 1953. Six children were born of the marriage, three of whom are minors.
The minor children and the wife reside in the marital home which is valued at $84,000.
The husband is the manager of a profitable family corporation of which he is a 36% owner. The record indicates that he earns approximately $27,000 annually and in addition he receives company perquisites valued at several thousand dollars yearly.
The learned trial judge, after an ore tenus hearing, awarded custody of the minor children to the wife and ordered the husband to pay $250 per week for their support. The court additionally in pertinent part awarded the wife $50 per week in alimony, the marital home subject to a $30,000 vested interest in the husband, and the household furnishings. The husband contends that the trial court abused its discretion in this award because it is excessive.
With respect to the trial court's division of property, it is well settled that such divisions need not be equal but must be equitable according to the circumstances of the case. Phillipsv. Phillips, Ala.Civ.App., 344 So.2d 786 (1977). We find no inequities in this instance.
There is no fixed rule in calculating the amount of alimony and it is proper to consider the earning capacity of the parties, their future prospects, age, health, station in life, duration of the marriage, and the conduct of the parties with regard to the demise of the marriage. Elsevier v. Elsevier, Ala.Civ.App., 355 So.2d 382 (1978).
This court has carefully reviewed the record in this case and in view of the husband's income and financial prospects, coupled with the demonstrated needs of his wife and family, we find no such abuse of discretion so as to require reversal. SeePhillips v. Phillips, supra; 8 Ala. Digest Divorce Key 312.6 (4). Where, as here, the trial court hears the testimony, its decree is presumed correct and it will not be overturned unless it is unsupported by or contrary to the evidence presented at trial.Roberts v. Roberts, Ala.Civ.App., 354 So.2d 21 (1978). In this instance, the trial court's decree is not contrary to the evidence adduced at trial.
The wife has requested this court to award an attorney's fee for representation on appeal. A fee of $500 is hereby awarded.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.