This is a divorce case.
The Circuit Court of Tuscaloosa County divorced the parties, awarded custody of the two children to the wife, and required the husband to pay child support. Additionally, the wife was awarded the home with the husband to pay the monthly mortgage payments, taxes, and insurance on the home. Certain personal property was awarded to the wife and the husband was ordered to pay the wife's attorney a fee. There was no award of periodic alimony to the wife.
The husband appeals and we affirm.
The husband contends the trial court abused its discretion in the division of property. The husband also contends the trial court erred in awarding an attorney's fee to the wife's attorney as there was no proof of the value of the attorney's services.
A review of the record reveals the following:
The parties owned a home with an unpaid mortgage of $8,500. The home was originally purchased for $13,000. At the time of the divorce the home had a value of approximately $30,000. The only other significant assets owned by the parties consisted of two relatively old automobiles and household goods. *Page 628 
At the time of the divorce the husband had a fulltime job and the wife worked part time.
The trial court awarded the home and a substantial portion of the personal property to the wife. The husband was, however, awarded an automobile, a television set, and tools.
As indicated above, the husband contends that this division of property was error.
At the outset, we note that a division of property is a matter for the discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Cobb v. Cobb, Ala.Civ.App., 352 So.2d 1384 (1977).
The division of property is not required to be equal but is to be graduated according to the nature of the case. Bailey v.Bailey, Ala.Civ.App., 345 So.2d 304 (1977).
When considering a division of property, the trial court may consider certain factors depending upon the facts of a particular case. Among these factors is whether there are children to support. Bailey, supra. Clearly, in this instance, the support of the two children of the parties was an important consideration in the trial court's award.
In this instance, where the only asset of any consequence owned by the parties was their residence and the wife was granted custody of the parties' two minor children, awarding the wife the homeplace where she will apparently reside with the children was not error. See, Eubanks v. Eubanks,52 Ala. App. 224, 291 So.2d 159 (1974).
Next, the husband contends that it was error to award the wife's attorney a fee because no testimony was offered regarding time spent, work done, or the value of services performed.
However, it is clear that an attorney's fee may be allowed in the discretion of the trial court without proof of reasonableness where the trial court has the entire record before it and determines that the circumstances justify an allowance of such a fee. Hodson v. Hodson, 276 Ala. 227,160 So.2d 637 (1964); Godec v. Godec, Ala.Civ.App., 346 So.2d 459
(1977). See also, Tidwell v. Tidwell, Ala.Civ.App.,379 So.2d 614 (1980). There was no error.
In addition to the above, the husband apparently contends that in view of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102,59 L.Ed.2d 306 (1979), there was no basis for the trial court to make the award as indicated. We find no merit in this contention. We note that our review of the record reveals there was no alimony award but only a division of property. However, even assuming there was such an award, the decision in Orr v.Orr, Ala.Civ.App., 374 So.2d 895, cert. den., Ala.,374 So.2d 898 (1979); and Hocutt v. Hocutt, Ala.Civ.App., 379 So.2d 619
(1980) negate any infirmity that may have existed.
The wife has requested an attorney's fee on appeal. The amount of $500 is so awarded.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.