HOLMES, Judge.
This is a divorce case.
The Circuit Court of Jefferson County divorced the parties; awarded custody of the parties’ two minor children to the wife; required the husband to pay child support; and awarded the homeplace to the husband.
The wife appeals, contending the trial court erred in awarding the home to the husband. We find no error and affirm.
Viewing the record with the attendant presumption accorded the trial court’s decree, we find the following pertinent facts.
The parties were married in 1967. Two children were born of the union. In 1968 the parties executed a “lease sale contract” to purchase a home. In 1973 the wife left the husband and took the children to Chicago, Illinois. The wife and husband have lived separate and apart since the wife’s departure. The husband has resided in the house purchased under the “lease sale contract” since 1967. The husband, who is an hourly rate employee, has made all payments on the house. The wife has made no payments on the house. Apparently, the house is the only substantial asset acquired during the marriage.
With the above facts before it, the learned trial judge divorced the parties, awarded custody of the children to the wife, and required the husband to pay $200 per month child support. In addition, the hus *295 band was required to provide hospitalization insurance for the children and to name the children as beneficiaries of a life insurance policy.
The wife was divested of any interest in the home. The husband was to “hold the defendant harmless” from any claims or expenses in connection with the “lease sale contract.”
The wife contends the trial court erred in its action regarding the house. Put another way, the wife argues the trial court abused its discretion in the division of property. We find no merit in this contention.
The division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Ray v. Ray, Ala. Civ.App., 379 So.2d 627 (1980); 8 Ala. Digest Divorce Key 286(5). See also, Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974), where the only asset owned by the parties was a home and this asset was awarded in its entirety to one of the parties.
Clearly, in this instance where the wife left the husband; where the husband has resided in the house since the wife’s departure; where the husband has in fact made all the payments on the house, the trial court did not abuse its discretion in awarding the house to the husband. In fact, this court cannot see how the learned trial court could have done otherwise.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.