This is a divorce case.
The wife filed for divorce. The trial court divorced the parties; made a division of property; awarded custody of the parties' minor child to the wife; awarded visitation rights to the husband; and required the husband to pay child support.
The wife appeals and contends the trial court erred to reversal in the division of property, in the amount of the award of child support, and in the visitation rights awarded to the husband. We find no such *Page 123 
abuse of discretion by the trial court as to require reversal and affirm.
Viewing the record with the attendant presumptions accorded the trial court's decree, we find the following is pertinently revealed.
The parties lived together as man and wife for approximately five years. One child was born of the union. However, the husband had been married previously. The husband's first wife died, leaving the husband with three children. The parties' child was born prematurely and there is some evidence that this male child is not in the best of health.
The wife has a responsible job with a utility company and earns in excess of $1,500 per month. The husband is an insurance salesman and earns approximately $1,100 per month.
At the time of the divorce the parties owned four automobiles. Some were "paid for" and some were not. The parties also owned a mobile home.
The parties also owned a home. However, the real estate had been purchased prior to marriage by the husband. In addition to the home the parties owned five acres of land in Lee County. This property was purchased by the wife prior to the marriage. The parties also owned a lot in Barbour County. It should be noted that while certain of the properties were purchased by the respective parties prior to the marriage, the mortgage payments on these properties were paid during the marriage from a joint checking account.
With the above in mind, the learned trial judge divorced the parties; awarded custody of the minor child to the wife; gave the husband the right to have the minor child visit with him every other weekend and two one-week periods during the summer; ordered the husband to pay $70 every two weeks as child support; awarded the home to the husband; awarded the five acres in Lee County to the wife and the lot in Barbour County to the husband; awarded two automobiles to the husband and two to the wife; awarded the wife $1,500 for her interest in the mobile home and awarded the mobile home to the husband. Other personal property, mainly furniture, was divided.
As indicated above, the wife appeals, contending the trial court erred in the division of property, the amount of child support, and in the visitation privileges awarded to the husband.
 I
A divorce decree dividing the parties' property is a matter addressed to the discretion of the trial court and is subject to review only for clear abuse of that discretion. Foster v.Foster, Ala.Civ.App., 365 So.2d 1227 (1979); 8 Ala. DigestDivorce Key 252.1.
In this instance, with the facts as indicated above in mind, we cannot say that there has been such an abuse of discretion as to require reversal. It would appear that the trial court has attempted to place the parties in the approximate financial positions that they were in prior to the marriage. While the division might not be exactly equal, the law does not require it to be equal.
A division of property in a divorce proceeding need not be equal, but must only be equitable according to the circumstances of the case. Beale v. Beale, Ala.Civ.App.,371 So.2d 931 (1979); 8 Ala. Digest Divorce Key 252.2.
For this court to reverse the instant appeal, we would have to substitute our judgment for that of the trial court. This the law does not permit. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
 II
The wife, through able counsel, next contends the trial court committed reversible error in the award of child support.
The amount of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal absent a manifest abuse of discretion. See, Phillips v.Phillips, Ala.Civ.App., *Page 124 344 So.2d 786 (1977). The amount of child support granted depends upon both the needs of the child and the ability of the parent to pay. Metcalf v. Metcalf, Ala.Civ.App., 340 So.2d 38 (1976).
While the amount awarded in this case is certainly not an excessive award, it is not such an abuse of discretion as to require reversal. See, Campbell v. Campbell, Ala.Civ.App.,377 So.2d 1098.
Undoubtedly, the trial court considered the husband's income as compared to the wife's and also the husband's obligation to his other children. These are permissible considerations. See,Thomason v. Thomason, 53 Ala. App. 206, 298 So.2d 627 (1974).
 III
The wife's last contention is that the trial court erred in the visitation privileges awarded the husband.
The wife contends the husband is unduly harsh on his children; that he has a bad temper; and further, that the mother was concerned about some of the actions of one of the husband's children toward the parties' minor child. The husband contradicted the above. Hence, there is a conflict regarding all of the wife's concerns.
The trial court has wide discretionary powers in the settlement of visitation rights. See, Whiteport v. Whiteport,283 Ala. 704, 220 So.2d 891 (1969); 8 Ala. Digest Divorce Key 296.
Suffice it to say we find no such abuse of discretion as to require reversal.
The wife's request for an attorney's fee for representation on appeal is denied.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.