This is a divorce case.
The trial court divorced the parties, made a division of property, and required the husband to pay child support.
The husband appeals, primarily contending the trial court abused its discretion in the division of property and in the amount of the award of child support. Additionally, the husband contends the trial court erred to reversal regarding certain evidentiary rulings. We find no error that requires reversal of the trial court's decree and affirm.
Viewing the record with the attendant presumptions accorded the trial court's decree, the following is pertinently revealed. *Page 379 
The parties were married for over thirty years. Both the husband and wife are in their early fifties. Six children were born of the marriage. At the time of the divorce only one child was a minor. This minor child is sixteen years of age.
The husband and wife each have a Master's degree. The wife is employed by Jefferson State College as a teacher. Her "net" or take home pay is approximately $13,000 per year. The husband is a minister. At present, he earns approximately $7,000 per year and is now furnished a house. The main asset of the parties consisted of a home which they purchased. The value of the home was approximately $50,000. In addition, the parties owned automobiles, cemetery lots, some stocks, an annuity fund, and furniture. Furthermore, certain life insurance policies were in force, and the wife possessed a teacher retirement fund.
There was evidence that the wife has in the past suffered certain emotional or mental problems. There was also evidence that the husband was abusive to the children and the wife; specifically, that he physically and emotionally abused the wife and children.
With the above before it, the trial court divorced the parties; awarded custody of the one minor child to the wife; required the husband to pay $125 per month child support; awarded the wife the homeplace; awarded each party some cemetery lots and automobiles; required the husband to maintain certain life insurance policies; awarded to the wife her retirement fund, a tax sheltered annuity, and a life insurance policy; awarded the husband certain stock and a life insurance policy. The trial court divided the furniture.
Additionally, the trial court specially found the husband "guilty of many acts of gross misconduct" which the trial court found to have caused the breakdown of the marriage.
 I
At the outset, we note that a division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Ray v. Ray, Ala.Civ.App.,379 So.2d 627 (1980); 8 Ala. Digest Divorce Key 286 (5).
We do not deem it necessary in this instance to attempt to place a value on each asset awarded to the respective parties. However, we do note that in large measure the homeplace awarded to the wife is well over 50% of the parties' entire assets.
Excluding the homeplace from the noted assets of the parties, and accepting the husband's figures as correct, the wife was awarded assets with a value of less than $30,000 and the husband was awarded assets with a value in excess of $13,000.
A division of property in a divorce proceeding need not be equal, but must be equitable according to the circumstances of the case. Beale v. Beale, Ala.Civ.App., 371 So.2d 931 (1979); 8 Ala. Digest Divorce Key 252.2.
In this instance, in view of the circumstances as indicated above with particular emphasis on the fact that the wife has custody of the child, the misconduct of the husband, and the husband being provided a home, we find no abuse of discretion in awarding the home to the wife. This court has previously stated that it is not error under appropriate circumstances to award the homeplace to one party even though that asset be virtually the only asset the parties possess. See, Eubanks v.Eubanks, 52 Ala. App. 224, 291 So.2d 159 (1974); Carter v.Carter, Ala.Civ.App., 390 So.2d 294 (1980). Considering all the facts of this case, we consider the instant appeal to be within the perimeter of Eubanks and Carter.
We therefore conclude that the trial court did not commit reversible error in the division of property. To reverse this case, we would have to substitute our judgment for that of the trial court. This the law does not permit. Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975). *Page 380 
 II
The husband, through able counsel, next contends the trial court committed reversible error in the award of child support.
The amount of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal absent a manifest abuse of discretion. See, Phillips v.Phillips, Ala.Civ.App., 344 So.2d 786 (1977).
As indicated above, the husband's income is limited. However, considering the fact the husband is well educated, holding a Master's degree, and further, considering the needs of a child and the present cost of living, this court cannot say an award of $125 per month child support is so excessive as to require reversal. See, Metcalf v. Metcalf, Ala.Civ.App., 340 So.2d 38
(1976).
 III
The husband next contends the trial court erred to reversal in failing to admit into evidence certain conversations between the wife and a minister. These conversations were apparently excluded by the trial court pursuant to § 12-21-166, Code of Ala. 1975.
We need not address ourselves to the applicability of the referenced statute as clearly any error in this regard would be harmless error. See Rule 45, ARAP. We say this because, as indicated, there is evidence to support the trial court's findings and conclusion. Put another way, the ruling by the trial court which is complained of could not have legally affected the result of the trial. See, Clevenger v. State, Ala.Civ.App., 369 So.2d 563 (1979).
In addition to the above evidentiary ruling, the husband argues the trial court erred in refusing to admit certain letters from the children to the father. We do not deem it necessary to set out in detail these contentions by the husband. Suffice it to say any error committed would again be harmless for the reasons stated above. We particularly note that numerous letters were in fact introduced into evidence and the children testified.
 IV
Lastly, we would note that the husband contends the evidence does not support the trial court's conclusion of misconduct by the husband.
We have carefully reviewed the voluminous record in the instant appeal. There is evidence to support the trial court's findings and conclusion.
The above issues are dispositive of this appeal and the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.