This is a divorce case.
The trial court divorced the parties, made a division of property, and required the husband to pay child support.
The husband appeals, contending the trial court abused its discretion in the division of property and in the amount of the award of child support. We find no abuse of discretion and affirm.
The record, viewed with the attendant presumptions, reveals the following facts:
The parties were married for seven years. One child, a daughter age six, was born of the marriage.
Both the husband and wife are employed. The husband has an income of approximately $25,000 a year. The wife has an income of approximately $8,000 a year.
The homeplace is the parties' principal asset. It is located on a lot given the parties by the wife's family and it is virtually surrounded by the homes of the wife's relatives. The homeplace is mortgaged and the house payments are $345 a month.
In addition to the homeplace, the parties' assets include normal household furnishings, an automobile, and a boat.
With the above before it, the trial court divorced the parties; awarded custody of the child to the wife; ordered the husband to pay child support in the amount of $350 per month; required the husband to maintain certain medical and dental insurance policies for the benefit of the child; awarded the wife the homeplace, the automobile, and the bulk of the household furnishings; ordered the wife to assume the mortgage on the homeplace; awarded the husband the boat and some furniture; and required the husband to assume a debt of $4,800.
 I
At the outset, we note that a division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Weaver v. Weaver, ___ So.2d ___, Civ. 2295 (Ala.Civ.App., November 19, 1980); Ray v.Ray, Ala.Civ.App., 379 So.2d 627 (1980); 8 Ala. Digest Divorce
Key 286 (5).
A division of property in a divorce proceeding need not be equal, but it must be equitable. Weaver v. Weaver, supra; Bealev. Beale, Ala.Civ.App., 371 So.2d 931 (1979); 8 Ala. Digest,Divorce Key 252.2.
This court has previously stated that it is not error under appropriate circumstances *Page 666 
to award the homeplace to one party even though that asset is virtually the only asset the parties possess. Weaver v. Weaver,supra; Eubanks v. Eubanks, 52 Ala. App. 224, 291 So.2d 159
(1974); Carter v. Carter, 390 So.2d 294, Civ. 2273 (Ala.Civ.App., 1980).
Considering all the facts of this case, particularly the wife's custody of the child, the manner of acquisition, and the close proximity of the homeplace to the homes of the wife's relatives, we find the trial court did not abuse its discretion in awarding the homeplace to the wife. See, Cobb v. Cobb, Ala.Civ.App., 352 So.2d 1384 (1977).
In addition, we find no abuse of discretion in the division of the other remaining assets. See, Cobb, supra.
 II
As indicated above, the husband contends the trial court abused its discretion in fixing the amount of the award of child support.
The amount of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal absent a manifest abuse of that discretion. Weaver v.Weaver, supra; Phillips v. Phillips, Ala.Civ.App.,344 So.2d 786 (1977).
In view of the husband's income of $25,000 per year, the wife's income of $8,000 per year, the needs of a child and the present cost of living, this court cannot say an award of $350 per month child support is so excessive as to require reversal.See, Metcalf v. Metcalf, Ala.Civ.App., 340 So.2d 38 (1976). For this court to find otherwise would be to substitute our judgment for that of the trial court. This the law does not permit. See, Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707
(1975).
For the above reasons, this case is due to be affirmed.
The wife has requested an award of attorney's fees for representation on appeal. An attorney's fee of $350 is awarded.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.