HOLMES, Judge.
This is a detinue action.
On June 15,1979, Robert E. Miller obtained a loan from Northeast State Bank to purchase a 1979 Buick. The bank retained a security interest in the car. Shortly thereafter, Miller purchased a set of Goodyear tires from Copeland Tire Company on a ninety day financing plan and had them installed on the Buick.
In July of 1979, Miller apparently became delinquent on the car note and the bank *307 repossessed the car. Miller also, about this time, apparently became delinquent on the debt owed Copeland. After repossession of the car, Copeland contacted the bank regarding the return of the Goodyear tires it had installed on the car. The bank did not return the tires and Copeland filed suit in district court.
The case was tried in district court and a judgment was rendered against the bank in the amount of $447.25, plus costs. The bank appealed to circuit court and a nonju-ry trial de novo was had. Judgment was again rendered against the bank in the amount of $447.25. The bank filed this appeal. We affirm.
The dispositive issue on appeal is whether there was sufficient evidence to support the lower court’s apparent finding that the bank had the requisite possession of the tires installed by Copeland on the car.
It is well-settled that when a judgment is rendered after an ore tenus hearing, it is presumed correct and will not be set aside unless clearly erroneous or unsupported by credible evidence under any reasonable aspect of that evidence. English v. Brantley, Ala., 361 So.2d 549 (1978); Beale v. Beale, Ala.Civ.App., 371 So.2d 931 (1979).
The bank contends on appeal that there was no evidence at trial that the tires sought to be recovered by Copeland were ever in the bank’s possession. We disagree.
Wayne Copeland, President of Copeland Tire Company, testified at trial that he had a conversation with Mr. Barrentine, President of Northeast State Bank, after the bank had repossessed the car. Mr. Copeland testified that he talked to Mr. Barren-tine about recovering the tires. At that time Mr. Barrentine admitted that the bank had possession of the car. Mr. Copeland testified further that he and Mr. Barrentine discussed two options, i. e., the bank could buy the tires from Copeland, or Copeland could replace them with the tires that were on the car when Miller bought it.
With the above testimony and the inferences therefrom in mind, there clearly was sufficient evidence to support a finding that the bank had possession of the tires supplied by Copeland. More specifically, the evidence showed that Copeland installed a set of Goodyear tires on Miller’s car about a month before the car was repossessed. The evidence further showed that the bank’s president admitted possession of the car and discussed Copeland’s recovery of the tires with Mr. Copeland. Clearly, the evidence and inferences raised by such evidence indicate that the bank was in possession of the tires in question. Hence, the trial court’s finding that the defendant-bank had the requisite possession was not clearly erroneous or unsupported by credible evidence and is due to be affirmed. English, supra; Beck, supra.
In view of the above, the issue raised by the bank as to whether certain pleadings constitute an admission of possession is pre-termitted.
Copeland’s request for damages and costs for a frivolous appeal pursuant to rule 38 of the Alabama Rules of Appellate Procedure is denied.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P. J., concurs in the result.