This is a divorce case.
The trial court divorced the parties and ordered a division of property. The wife appeals, contending the trial court abused its discretion by failing to award her any right, title, or interest in the parties' homeplace. We find no abuse of discretion and affirm.
The record, viewed with the attendant presumptions, reveals the following:
The parties were married approximately twelve years. At the time of trial the husband was seventy-seven years old and in poor health. The wife was fifty-nine years old. The parties have very few material things. They lived on the husband's disability payments and the wife's part time earnings.
The homeplace was the only asset of significance owned by the parties. It was purchased by the husband with his funds shortly before the marriage. The home cost $8,000. Title was vested solely in the husband. The parties lived in the homeplace throughout the marriage.
As stated above, the wife contends the trial court abused its discretion by awarding the homeplace in its entirety to the husband.
The division of property pursuant to a divorce is a matter within the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of plain and palpable abuse. Hudson v. Hudson, Ala.Civ.App., 391 So.2d 664 (1980);Carter v. Carter, Ala.Civ.App., 390 So.2d 294 (1980). Further, it is not error under appropriate circumstances to award the homeplace to one party even though that asset is virtually the only asset the parties possess. Hudson, supra; Eubanks v.Eubanks, 52 Ala. App. 224, 291 So.2d 159 (1974).
With these principles in mind, after considering the age of the husband, the state of his health, the length of the marriage, and the fact that the husband's funds were used to purchase the homeplace, we cannot say the trial court abused its discretion in the division of property. To do so would be to substitute our own judgment for that of the trial court. This the law will not allow. Sutton v. Sutton, 55 Ala. App. 254,314 So.2d 707 (1975).
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.