This is a divorce case.
After hearing the conflicting evidence, the trial court awarded the assets of the 26 year old marriage to the wife as alimony in gross. That property consisted of a jointly owned house reasonably worth $27,000, which is subject to a mortgage, and the household furniture and appliances. As the only issue on this appeal, the husband contends that the trial court palpably abused its discretion in failing to award any portion of the marital estate to him.
Because of the attendant presumptions that are accorded to the factual findings of the trial court, we will primarily summarize that portion of the evidence which tends to uphold those findings; however, by doing so, we do not imply that there was no contrary testimony.
The parties were married in 1957. Two children were born of their union. One daughter is 21 years of age and has been married for four years. The other daughter is 19 years old, is single and resides at home.
The husband has had a drinking problem since his teen years. Apparently, he is an alcoholic at the present time. Mr. Puckett drinks to excess very, very frequently and, while drinking, is usually verbally, and sometimes physically, abusive to his family. In short, his affliction has made life miserable for all members of his family for many years.
Mr. Puckett, a college graduate, worked almost full time in finance businesses and collection agencies until 1976 when he quit his employment shortly before that last employer closed the business. Since then, he has only worked occasionally on a temporary basis for a week or two at a time and has not sought regular employment in the past five years. When he worked regularly, he would give his wife $50 every two weeks to use towards family expenses, but, since 1976, he has contributed nothing to those expenses. On occasions, in order to temporarily satisfy his drinking habit, he would request and receive back from his wife a portion of the money which he had given to her. His sister testified that he had always been a poor provider for his family.
The wife has been continuously employed with the same employer since 1969. From the joint income tax returns of the parties for 1977 through 1981, the husband had a total five-year reported income of $252, while the wife's wages amounted to $45,742 for that period of time.
The wife paid for all of the appliances presently located in the home and for much of the furniture and other personal property.
Just before the termination of the husband's last full time employment in 1976, the parties bought their home for a total purchase price of $13,500. The wife paid in full the down payment of $100 and the entire closing costs of $275, with the balance of the home cost being financed through a mortgage against it. Since the home was purchased, Mrs. Puckett has made each and every $136.25 monthly payment upon that mortgage exclusively from her wages. The wife and both daughters testified that the husband only did a minimal amount of work and repair around the house.
In a divorce case, the division of the property of the parties need not be equal, but a division is required according to the nature of each individual case. *Page 1300 
When the trial is ore tenus before the trial court, the final judgment as to the division of property and alimony in gross is presumed to be factually correct. They are matters which fall within the discretion of the trial court. We will not reverse if the trial court's findings are supported by the evidence unless there was a palpable abuse of that discretion. Keleherv. Keleher, 389 So.2d 1160 (Ala.Civ.App. 1980); Mack v. Mack,389 So.2d 1156 (Ala.Civ.App. 1980).
The briefs and the entire record have been read and studied. There was no abuse of judicial discretion in the award of alimony in gross as made by the trial court. The evidence fully upholds that judgment and it was not palpably wrong. All of the marital assets may be awarded to one spouse under appropriate circumstances. Carter v. Carter, 390 So.2d 294 (Ala.Civ.App. 1980). It was appropriate for the trial court to grant the assets of this marriage to the wife under the somewhat unusual circumstances of this particular case. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.