This is a divorce case.
After an ore tenus contested trial, a finding of facts was made by the trial court in the final judgment. We primarily include them as the facts of the case.
The husband is sixty-six years of age. He has not worked since 1972 because of a back injury. Otherwise, he is apparently in good health. His sole employment has been as a manual laborer. The total monthly income of the husband is $706.50, which includes social security benefits of $529.
The wife is fifty-seven years of age. She is a high school graduate and completed one year of college. Except for her high blood pressure, she is in good health. Although presently unemployed, she recently worked as a delicatessen employee and as a private cook.
The parties were married in 1968. No children were born of this marriage. Each party has children by previous marriages. They lived together until 1982 when conflicts over church, bingo and other matters *Page 867 
caused their separation. Both parties testified that they are incompatible.
When the parties married, the husband owned a home. He completed its construction in 1955. After 1968 the following improvements were made to the house and lot: a one-half bath, awnings, a carport, a concrete patio, a utility shed and a chain link fence. The residence has a market value of $40,000.
Other than household items and furniture, the assets accumulated during the marriage, and their value, included: a 1965 Buick automobile-$300, a 1977 Chevrolet truck-$3,000, a boat and motor-$1,000, and an unimproved lot in Jonesboro-$1,000.
The trial court divorced the parties for incompatibility, with a finding that each party was equally at fault in causing the conditions leading to that ground for the divorce. The wife was awarded the unimproved lot, furniture for a bedroom, living room and dining room, and $12,000 as alimony in gross. The husband appeals and, through able counsel, contends that the trial court abused its discretion in the alimony in gross award.
Where a trial court hears and observes the parties as they testify, its finding of fact is presumed to be correct and will not be reversed upon an appeal unless it is not supported by the evidence, or unless it is palpably wrong. Puckett v. Puckett,437 So.2d 1298 (Ala.Civ.App. 1983). No mathematical formula may be applied in alimony in gross matters, for each case stands upon its own peculiar and unique facts. Hughes v. Hughes,361 So.2d 119 (Ala.Civ.App. 1978). For that reason, the award and the amount of alimony in gross is largely a matter for the exercise of the judicial discretion of the trial court and it will not be altered or set aside upon an appeal in the absence of a palpable abuse of that discretion. Hinds v. Hinds, 415 So.2d 1122
(Ala.Civ.App. 1982); Puckett v. Puckett, supra; Hughes v. Hughes,supra.
In this case, there was competent evidence by one or both of the parties which fully upheld the findings of the trial court. Under those facts, the award of $12,000 to the wife as alimony in gross was not a palpable abuse of the discretion of the trial court. We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.