RUSSELL, Judge.
This is a divorce case.
The parties to this action were married on August 20, 1980. Linda Segrest (wife) filed a complaint for divorce in the Circuit Court of Montgomery County on November 7, 1988. The action was transferred to the Circuit Court of Macon County upon motion by Harvey Segrest (husband).
Following an ore tenus hearing, the parties were divorced by order of the circuit court on February 22, 1990. The wife appeals. We affirm.
The wife raises three contentions of error by the circuit court. She first contends that the circuit court abused its discretion by denying her request for alimony in gross. Second, she asserts that the circuit court erred in failing to award her property from the estate of her husband. Last, she *822 challenges the circuit court’s denial of her request for an attorney’s fee.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
Furthermore, a circuit court has broad discretion in determining whether to award alimony in gross. Puckett v. Puckett, 437 So.2d 1298 (Ala.Civ.App.1983). Additionally, a trial court is afforded broad discretion in ordering the division of marital property and will not be reversed absent a showing of an abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986).
We pretermit a detailed recitation of the evidence, noting that such would add little or nothing to the vast array of cases addressing this subject. Suffice it to say that the record reveals that the wife possesses a separate estate consisting of a house, owned jointly by her and another woman, and a 1979 automobile, given to her by the husband. Furthermore, approximately four months after the marriage, the wife discontinued residing with the husband and moved back into her former house, taking the parties’ two children with her.
Although the husband and wife maintained a joint checking account, the wife testified that she contributed nothing to that account despite the fact that she was employed. She did, however, contribute to a joint household account, held with the woman with whom she purchased her house, as well as to the mortgage payments on that house.
Additionally, the husband contributed nothing to the regular living expenses of the wife during their marriage. As the circuit court concluded in its order, “the Segrests have never lived together for any significant time, and Mr. Segrest has never provided any support to Mrs. Segrest.”
In view of the above, we cannot say that the circuit court abused its discretion in denying the wife’s request for alimony in gross or in its refusal to award her property from the husband’s estate. Therefore, we affirm with respect to the first two issues raised by the wife.
Finally, the wife contends that the circuit court erred in denying her an award of an attorney’s fee. We disagree.
An award of an attorney’s fee in a divorce action is discretionary. Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App.1982). We find no abuse of discretion in the circuit court’s denial of an attorney’s fee.
Therefore, this case is due to be affirmed.
The wife has requested the award of an attorney’s fee for representation on appeal. That request is hereby denied.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.