331 So.2d 704
**Clarence HUGGINS**

v.

**Geneva Warren HUGGINS.**

**Civ. 630.**

Court of Civil Appeals of Alabama.

May 5, 1976.

Clarence T. Hellums, Jr., Tuscaloosa, for appellant.

Phelps, Owens & Jones and J. Russell Gibson, III, Tuscaloosa, for appellee.

HOLMES, Judge.

This is a divorce case.

The husband initiated the action by filing a petition for divorce on the grounds of "incompatibility" and "irretrievable breakdown of the marriage." The wife answered the petition and cross-claimed for divorce on the grounds of physical cruelty and adultery. Also involved were questions involving custody of the parties' minor child and support for the wife and child.

After a hearing *ore tenus* the trial court divorced the parties, finding incompatibility of temperament and irretrievable breakdown of the marriage; awarded custody of the minor child to the wife; ordered the husband to pay child support; and made an award of alimony in gross. The husband appeals from this decree and we affirm.

The pertinent facts as revealed by the record show that the parties were married in 1971 and separated in 1974. They were both employed during the marriage. The husband earned approximately $11,000 per year and the wife, as a school teacher, earned approximately $7,000. During the time they were married, they accumulated some assets.

The assets which are germane to this appeal are as follows: a lot upon which they planned to build a home (The purchase price for the lot was $2,000 and there were improvements made on the lot of a value of from $400 to $500.); a savings account in the amount of approximately $4,000; U. S. Savings bonds in the matured amount of approximately $1,200. The wife also had approximately $1,300 in her name, consisting of bonds and monies in a credit union. Additionally, the parties accumulated various household goods which we deem it unnecessary to enumerate.

As noted earlier, the trial court divorced the parties, finding both incompatibility of temperament and irretrievable breakdown of the marriage, awarded custody of the minor child to the mother, required the husband to pay $125 per month as child support, and awarded to the wife as alimony in gross the husband's interest in the lot and the savings account in the amount of $4,000.

Additionally, the husband was allowed to retain $1,200 in bonds and the wife was allowed to retain the $1,300 worth of bonds and monies which were in her name. The court allowed each party to keep certain household goods. In addition to the above, the court awarded to wife's attorney a fee of $750 to be paid by the husband.

As we perceive able counsel's brief, the husband urges error to reversal by the trial court for the following reasons: 1. That since the wife did not allege incompatability and irretrievable breakdown of the marriage in her petition, the trial court could

not grant the divorce on this ground. 2. That, in this instance, the award of alimony in gross was an abuse of discretion. 3. The trial court erred in awarding an attorney's fee. 4. Lastly, since the statutes of Alabama make no provision for alimony payments to a husband, that the husband's "constitutional rights" have been violated.

## I

■ It is clear to this court that the trial court found a state of incompatibility existed in the marriage of the parties. This is the determination the trial court must make before granting a divorce on such ground. *Phillips v. Phillips,* 49 Ala. App. 514, 274 So.2d 71. It is immaterial which party alleges incompatibility.

We particularly note the following language found in the trial court's decree: ·

"[T]he Court finds as follows:

"1. That there exists such a complete incompatibility of temperament between the Petitioner and the Respondent that the Petitioner and the Respondent can no longer live together compatibly and that their differences have become irreconcilable and that further there has been an irretrievable breakdown of the marriage of the Petitioner and the respondent and further attempts at reconciliation are impractical or futile and not in the best interests of the parties and that a divorce is due to be granted."

■ As seen from the above, the husband in his petition alleged such incompatibility exists. The trial court found that incompatibility did exist and *divorced the parties.* To this court the discussion of Alabama's "new" ground for divorce found in *Phillips, supra,* answers the husband's contention and we see no reason to elaborate further.

In any event, in this instance, there can be no error because the wife's petition did not allege incompatibility as a ground.

## II

The evidence pertaining to the award of alimony in gross may be viewed as follows: The wife was awarded a one-half interest in the lot which was owned jointly (the monetary value of the one-half interest being $1,250) and the savings account of approximately $4,000. (The wife testified this money came from her salary.) Other assets held by each party in his own name were simply allowed by the trial court to be retained by each respective party. The award can be viewed as an award of approximately $5,250.

■ Keeping in mind, among other factors, the earning capacity of the husband and the fact that no periodic alimony payments were awarded to the wife, we find no abuse of discretion.

■ As this court has stated, if an award in a divorce decree is one of alimony in gross, each case stands upon its own facts and no mathematical formula may be applied; the amount of alimony is a matter of discretion for the lower court and will not be revised on appeal in the absence of abuse. See 8 Ala.Dig. *Divorce* ⬚ 240(1) and 286(3). We find no such abuse.

Able counsel for the appellant makes the further contention that alimony could not in this case be awarded under the Alabama divorce statutes. His reasoning is as follows: He argues that alimony can only be awarded pursuant to §§ 31–33 of Tit. 34, Code of Ala. 1940, in that these are the only Alabama statutes which make provision for alimony. Section 20(7) and (9) of Tit. 34, providing for divorce without fault on the grounds of incompatibility of temperament or irretrievable breakdown of the marriage, does not provide for awards of alimony. Therefore, he deduces, any grant of alimony in a divorce based on such grounds, as is the case here, must be bottomed on §§ 31–33 of Tit. 34.

Appellant further argues that the two Code sections providing for alimony based

on fault, i. e., §§ 32 and 33, are inapplicable in a § 20 no-fault divorce. This is so because §§ 32 and 33 appear to apply only where the divorce is itself granted due to one party's fault. As such, he contends that any award of alimony in a § 20 no-fault divorce must rest upon § 31, the only remaining Code section allowing for alimony. Section 31 reads as follows:

"If the wife has no separate estate, or if it be insufficient for her maintenance, the judge, upon granting a divorce at his discretion may decree to the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition of his family."

We note that this construction has not heretofore been presented to this court.

The final thrust of his argument is that the wife has a sufficient separate estate, so that it was error to reversal for the trial judge to grant any alimony in this case.

■ While we are impressed with the ingenuity of appellant's argument, we are of the opinion that it cannot avail him. Assuming the correctness of appellant's analysis as it concerns the interaction among the pertinent Code sections, we do not agree that the wife's estate is sufficient so that alimony could not be awarded under § 31.

■ The language of § 31, as set out above, demonstrates that the sufficiency of the wife's estate is a necessary element in the trial court's determination regarding alimony. The legal principles concerning alimony awards in general are thus relevant to decisions as to the sufficiency of the wife's estate. These principles include the trial court's discretionary power over the amount of alimony awards and the necessary inclusion in the calculation of those awards of such pertinent factors as the parties' future prospects, their age, health, sex, station in life, and how long they were married. *Phillips v. Phillips, supra.*

As seen from our previous description of the parties' assets, the wife's separate estate consists at best of certain bonds and monies of a valuation not in excess of $1,500, and certain household furnishings. When we consider the relatively meager size of the wife's estate together with the principles noted above and the fact that no periodic alimony was awarded, we reach the conclusion that the wife's estate was not so large as to preclude the award of alimony in gross made by the trial judge.

■ Furthermore, we disagree with appellant's contention that the divorce statutes of Alabama do not permit consideration of the parties' fault in alimony awards made under § 20 no-fault divorce proceedings.

■ The statutory analysis advanced by appellant and set out earlier is deficient in that it fails to take notice of a basic aspect of the Alabama divorce laws. The legislature by enacting the divorce statutes intended to create a comprehensive and harmoniously interacting system. Such a legislative intent is generally presupposed by the courts when dealing with a body of statutes on the same subject matter. 73 Am.Jur.2d *Statutes* §§ 191, 254; *State ex rel. Rountree v. Summer,* 248 Ala. 545, 28 So.2d 565.

At the inception of the system, divorce could only be predicated upon the fault of one of the parties. Tit. 34, § 31, previously quoted, provided for alimony awards based upon the insufficiency of the wife's estate, apparently without regard to which party was at fault. Section 32 allowed for alimony based on the husband's fault when the divorce was granted due to his misconduct. Section 33 provided for divorce based on the wife's misconduct, and stated that in such a case if alimony was awarded (presumably under § 31) her misconduct was to be considered in computing the amount of the award. The integrated design was furthered by the Supreme Court of Alabama, which held that in the case of

divorce granted under § 32 due to the husband's misconduct, the misconduct of the wife could be considered together with that of the husband in arriving at an award of alimony, even though the Code sections do not specifically provide for that result. *Pope v. Pope,* 268 Ala. 513, 109 So.2d 521; *Owens v. Owens,* 281 Ala. 239, 201 So.2d 396. All factors present in the system before the adoption of a no-fault ground for divorce were thus operative and interacting.

Appellant would have us hold that by its enactment of the § 20 provisions for divorce based on the irretrievable breakdown of the marriage or incompatibility of temperament, the legislature injected into this comprehensive scheme an alien element which could not be fully assimilated. It would be far more reasonable to hold that the legislature intended these provisions to mesh smoothly with the existing design. To this court, the purpose of the original legislation was simply to provide that fault could permissibly be a consideration in alimony awards. Fault as an element in alimony awards appears to be tied to divorces based on fault for the sole reason that divorces were based *only* on fault when the pertinent statutes were enacted. Furtherance of the legislative intent requires that fault may be considered in awards of alimony regardless of the ground for the divorce itself.

■ As noted earlier, statutes should be resolved in favor of each other when possible so as to form one harmonious plan. *State v. Community Blood and Plasma Service, Inc.,* 48 Ala.App. 658, 267 So.2d 176; *Bryce Hospital Credit Union, Inc. v. Warrior Dodge, Inc.,* 50 Ala.App. 15, 276 So.2d 602.

The supreme court holdings in *Pope* and *Owens, supra,* illustrate the courts' effectuation of the legislative purpose to create an integrated body of divorce law, which example we would be remiss in not following here. In our cases of *Phillips v. Phillips, supra,* and *Gamble v. Gamble,* 53 Ala. App. 168, 298 So.2d 254, we have recognized the principle that fault may be considered in alimony awards where the divorce is based upon irretrievable breakdown of the marriage or incompatibility of temperament. While we did not directly hold to that effect in those cases, we do so hold now.

As the above discussion indicates, there was no reversible error committed by the trial court in its award of alimony in gross.

### III

■ We perceive appellant's argument regarding attorney's fee to be that the trial court has no authority to grant the wife an attorney's fee where a divorce is granted on the ground of incompatibility, unless she is justifiably awarded alimony. He contends the award in this instance is not justifiable.

■ We find no merit in this contention. As noted earlier, the trial court did not err by his award of alimony in gross. Furthermore, the allowance of attorney's fees in a divorce case is within the sound discretion of the trial court. See *Hodson v. Hodson,* 276 Ala. 227, 160 So.2d 637; also 8 Ala.Dig. *Divorce* ☞223.

### IV

Appellant's final contention is that Alabama statutes make no provision for an allowance of alimony to the husband and therefore husbands as a class are denied equal protection of the law. Appellant then argues that the amount of alimony in gross, in this instance, should therefore be set aside.

■ This constitutional question is raised for the first time on this appeal.

It has long been the law in this state that constitutional questions not raised in the court below will not be considered for the first time on appeal. See *Gamble v.*

*Gamble, supra*; 2 Ala.Dig. *Appeal and Error* ⟲170(2). Appellant's contention thus cannot be treated by this court.

However, we note that this argument was discussed in *Murphy v. Murphy*, 232 Ga. 352, 206 S.E.2d 458, wherein the validity of the Georgia divorce statutes authorizing awards of alimony and attorneys' fees only to wives was upheld. The United States Supreme Court declined to review this decision in *Murphy v. Murphy*, 421 U.S. 929, 95 S.Ct. 1656, 44 L.Ed. 87.

Appellee-wife has petitioned this court for an award of an attorney's fee for representation on this appeal. A fee of $250 is hereby awarded.

The case is due to be and is, therefore, affirmed.

AFFIRMED.

WRIGHT, P. J., and BRADLEY, J., concur.