This is an appeal by the wife from the alimony provisions of a judgment of divorce. We affirm.
The issue is whether the trial court abused its discretion in granting judgment to the wife for only $50 per month as alimony.
The court divorced the parties for incompatibility. There was testimony that the breakdown of the marriage was due to adulterous conduct by the husband. The husband admitted such conduct after the separation but denied it occurred before the separation.
Husband is retired from the military and is employed by a private club. His gross income is approximately $1,400 per month. Wife is employed as cashier of a bank. Her income is $10,000 per year. The only child of the marriage is a girl, now 21 years of age.
After oral hearing, the trial court gave to the wife most of the household furnishings, one automobile, alimony of $50 per month and attorney fees of $250. The home had previously been sold by the parties and the equity applied to joint debts of the parties. The wife submits that the grant of alimony is so insufficient as to constitute an abuse of discretion.
The charge of abuse of discretion is primarily premised upon the contention that the trial court ignored the fault of the husband. In our view, the ground for that contention is more imagined than real.
Even though testimony as to adultery of the husband was permitted over objection, the wife concludes that the trial court failed to consider it in awarding alimony. Such conclusion is merely opinion without objective support.
This court in Tyler v. Tyler, 52 Ala. App. 430, 293 So.2d 856
(1974), noted six factors which might be considered by a court in the granting of alimony. Appellant has enumerated those six factors in brief. She submits improper consideration of only one by the trial court. Her argument implies *Page 825 
that only the sixth factor, the conduct of the parties with reference to the cause of the divorce, is sufficiently weighted in her favor to tilt the scales of alimony. We are inclined to accept such implication.
Title 34, Sec. 31, Code of Alabama (1940), authorizes the judge to exercise his discretion and grant alimony to the wife if she has no separate estate or if it be insufficient for her maintenance. In this case, the earning capacity, age and health of the parties are relatively equal. Neither has any real property or significant personal property. There are no minor children. The testimony is in conflict as to the actual cause of the divorce, though the weight favors the wife. Our decision upon review of the exercise of the trial court's discretion may not be made upon our own view of the weight of the evidence or the credibility of the witnesses. We are not at liberty to determine what we would have done had we been the trial judge.Locklear v. Nash, 275 Ala. 95, 152 So.2d 421 (1963). We review the exercise of the trial court's discretion only to determine if the judgment is so unsupported by legal evidence as to be arbitrary and unjust. Hallman v. Hallman, 51 Ala. App. 460,286 So.2d 863 (1973).
The trial court has granted more than nominal alimony to the wife. The judgment is not final except as to circumstances then before the court. DuBoise v. DuBoise, 275 Ala. 220,153 So.2d 778 (1963). Should future circumstances so differ from those of the present as to merit modification in favor of either party, the court may do so on proper petition and notice. O'Dell v.O'Dell, 57 Ala. App. 185, 326 So.2d 747 (1976).
Finding no abuse of discretion, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.