HOLMES, Judge.
This is a divorce case.
The wife appeals and contends that the trial court made an award of alimony to the husband. We disagree and affirm.
Viewing the trial court’s action with the attendant presumption of correctness, the record reveals the following: The parties *672 were married in 1964 and separated in 1975. No children were born of the marriage. Both parties were employed during the marriage. The parties purchased a home and later in 1971, they purchased, jointly, forty acres of land. The purchase price for the forty acres was $20,000.
Thereafter, in 1975, according to the husband’s testimony, the husband borrowed approximately $900 from his wife. He signed what he perceived to be a note. However, the instrument which the husband in fact signed was a warranty deed, conveying to the wife the forty acres of land. The wife recorded the deed and upon repayment of the loan refused to reconvey the property to the husband.,
The trial court in its decree ordered the husband to convey to the wife his interest in the home. Additionally, the wife was awarded a sum of money as alimony in gross. The wife and husband were awarded certain personal property.
In addition to the above, the wife was required to convey to the husband an undivided one-half interest in the forty acres of land. It is this award that the wife contends is in effect an award of alimony to the husband, which is impermissible. See Bailey v. Bailey, Ala.Civ.App., 345 So.2d 304 (1977).
We do not agree with able counsel for the wife that the trial court’s action is an award of alimony to the husband.
It has long been the law of this state that in a divorce action, a court may grant full collateral relief, both legal and equitable, between a husband and wife concerning their individual property rights. Owens v. Owens, 281 Ala. 239, 201 So.2d 396 (1967); Prosch v. Prosch, 47 Ala.App. 33, 249 So.2d 855, cert, denied, 287 Ala. 740, 249 So.2d 860 and cert, denied, 287 Ala. 740, 249 So.2d 861 (1971). This is so in order that the decree will settle all controversies between the parties as to divorce, alimony and property rights. Roberts v. Roberts, 247 Ala. 302, 24 So.2d 136 (1946).
In this instance, in view of the evidence as indicated above, we find no reversible error in the trial court’s division of property. The trial court, among other things, apparently considered that the warranty deed to the wife was security for the repayment of the $900 debt owed by the husband to the wife, and further that the husband had repaid this loan.
The trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.