This is a divorce case.
The wife appeals. The dispositive issue is whether the court below abused its discretion in its failure to award periodic alimony and in the division of property. Additionally, the wife, through able counsel, contends that the decree awards alimony to the husband. We find no reversible error and affirm.
Viewing the trial court's action with the attendant presumption of correctness, the record reveals the following: The parties were married in 1963 and lived together until the decree of divorce in March, 1978. There were no children born of the marriage nor did either party have any dependents *Page 780 
at the time of the trial. The wife filed for divorce in September, 1977, alleging incompatibility of temperament and irretrievable breakdown of the marriage.
The wife was fifty-eight and the husband fifty-six at the time the action was filed. It also appears that the wife had had some degree of difficulty with her health. Specifically, the wife has a nonfunctioning kidney, a heart condition, and a bad back. However, at the time of trial, her medical problems were "under control." She had been gainfully employed on a full time basis since January, 1977, receiving a salary of approximately $9,000 per year. In addition, she has health insurance provided her by her employer's Blue Cross-Blue Shield medical plan. The husband is in good health and has been employed with Southern Railway Company for thirty-three years and earns approximately $20,000.
At the time suit was filed, the parties jointly owned a homeplace valued at $30,000. Their other property consisted primarily of home furnishings, a 1973 automobile, and a number of joint bank accounts. One of the accounts was a Birmingham Trust National Bank checking account which was apparently funded solely through deposits consisting of the husband's pay checks and monies which he held in trust as treasurer of the 345th Bomber Group, a World War II veterans organization.
The trial court, after an ore tenus hearing, ordered that the homeplace be sold with one-half of the proceeds to be awarded the wife. In addition, the wife was awarded approximately three-fourths of the furniture and household goods, title to the family automobile, and a substantial sum of cash, i.e., more than $10,000, as her share of the bank accounts. The various bank accounts totaled approximately $20,000. In addition, the husband was required to pay $1,500 as an attorney's fee.
The court further ordered the wife to return the sum of approximately $1,900 to the husband based upon evidence that the wife had wrongfully withdrawn these funds from the BTNB joint account on the day which she had instituted the divorce action. This part of the decree was apparently predicated on the fact that the funds in the account were the property of the husband and those of the organization for which he acted as treasurer. The wife contends that the order requiring her to return these funds is an impermissible award of alimony from her to the husband and further, that the court abused its discretion in not awarding her alimony.
The award of alimony by a trial court is largely within the discretion of the trial judge. Miller v. Miller, Ala.Civ.App.,340 So.2d 823 (1976); Gamble v. Gamble, 53 Ala. App. 168,298 So.2d 254 (1974); Dean v. Dean, 51 Ala. App. 249, 284 So.2d 276
(1973). See also Code of Ala. 1975, § 30-2-51. This court reviews the exercise of the trial court's discretion only to determine if the judgment is so unsupported by the legal evidence as to be arbitrary and unjust. Jernigan v. Jernigan, Ala.Civ.App., 344 So.2d 778 (1977); Miller, supra. The same standard of review applies equally well to the trial court's division of property. Caylor v. Caylor, Ala.Civ.App.,344 So.2d 173 (1977).
In determining whether alimony or a particular division of property is appropriate, the trial court considers the earning capacity, age, health, and conduct of the parties as well as how long they have been married, their station in life, and whether there are children to support. Huggins v. Huggins,57 Ala. App. 691, 331 So.2d 704 (1976). In the instant case, the record indicates that the wife's earning capacity of $9,000 per year was such that she could support herself. With respect to her health, medical records introduced at trial indicated that the wife was not presently under any disability which prevented her gainful employment.
As regards the relative fault of the parties as it relates to the award of alimony, both parties presented evidence of the other's shortcomings and the demise of the marriage. The record shows that neither was blameless. *Page 781 
Furthermore, the parties were married after each was past the age of forty and there were no children born of the marriage.
We do not review the decision of the court below based upon our view of the weight of the evidence or the credibility of the witnesses, Miller, supra, and the law does not permit this court to substitute its judgment for that of the trial court.Hughes v. Hughes, Ala.Civ.App., 361 So.2d 119 (1978). We, therefore, find no abuse of discretion so as to require reversal.
We do not agree with the wife's contention that the trial court awarded the husband alimony. In a divorce action, one who seeks equity must invoke equity with clean hands. Owens v.Owens, 281 Ala. 239, 201 So.2d 396 (1967). There was ample evidence at trial, based upon oral testimony and bank records, which indicated that the wife's withdrawal of the BTNB funds was not authorized, especially in view of the fact that a large portion of the funds in the account was held by the husband in trust for an organization for which he was treasurer. Restoration of property to the husband from the wife in a situation such as this is clearly not an award of alimony. See,e.g., Elmore v. Elmore, Ala.Civ.App., 365 So.2d 671 (1978).
In view of the above, we decline to grant the wife's and the husband's requests for attorneys' fees.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.