Former wife appeals from a final divorce decree rendered by the Circuit Court of Morgan County. She contends on appeal that the trial court abused its discretion in the award of alimony in gross granted by that decree. We affirm.
The record indicates that the parties to this appeal are in their late thirties. They were married in 1960, divorced in 1973 for several months, then remarried in May 1974. The divorce in 1973 apparently resulted from Mr. Anders' drinking problems. Two children were born of this marriage. The son, Mark, is about seventeen years old and is afflicted with cerebral palsy. The daughter, Michelle, is about eleven years old.
In July 1977 Mrs. Anders filed a divorce complaint with the circuit court, alleging as grounds therefor incompatibility of temperament and habitual drunkenness of the husband. After hearing the evidence ore tenus the trial court issued a decree dated April 28, 1978 divorcing the parties on the ground of incompatibility of temperament. *Page 483 
Under the terms of the divorce decree Mrs. Anders received custody of the two children and $40 per child per week child support, with Mr. Anders having visitation rights under certain specified conditions. Mrs. Anders was awarded the household furniture, furnishings, and appliances and also a 1973 Buick. Mr. Anders was awarded his personal items, clothing, tools, etc., a house trailer and a 1971 Ford. The decree ordered each party to pay his/her own attorney's fees and the court costs were taxed to Mr. Anders.
The divorce decree further provided:
 The parties own two parcels of real estate jointly. One tract of land consists of 5 acres upon which is located the family home. The house and land is worth somewhere between $40,000 and $65,000 but is encumbered by a mortgage to First Federal of about $48,000. As alimony in gross Reita Anders is hereby awarded title to the 5 acres and home and improvements and she shall be responsible for the mortgage thereon.
 The other parcel of land is a 68 acre tract of land and was purchased by the parties from Mr. Anders' kinfolks. The property is encumbered by a mortgage of some $14,000. Mr. Anders is entitled to this property but the Court hereby orders that the property be held in trust as long as Mr. Anders is liable for child support payments. When his duty to support his children no longer exists he shall receive full title to the same otherwise the property shall be held by him in trust for their support. He shall be responsible for the mortgage. [Emphasis supplied.]
Mrs. Anders contends on appeal that the trial court abused its discretion in the award of alimony in gross because the property she received was substantially encumbered, whereas the property received by Mr. Anders was only "nominally" encumbered. She urges that the practical effect of the decree was to decrease the size of her estate and increase the size of her husband's. This result is especially unfair, she argues, because both parties had contributed equally to the acquisition of all property and title to all property had been in joint ownership.
Mrs. Anders' argument is based on Code of Alabama 1975, §30-2-52, which reads:
 If the divorce is in favor of the wife for the misconduct of the husband, the judge trying the case shall have the right to make an allowance to the wife out of the husband's estate, or not make her an allowance as the circumstances of the case may justify, and if an allowance is made, it must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case.
While conceding that the divorce was granted on the ground of incompatibility of temperament, Mrs. Anders cites Huggins v.Huggins, 57 Ala. App. 691, 331 So.2d 704 (1976), for the proposition that even in "no-fault" divorce proceedings the trial court, in determining the award of alimony, may properly consider fault of the parties in bringing about the marital breakdown. She insists that the evidence was without dispute in placing the husband at fault for the marital turmoil, and therefore her award should have been "as liberal as the estate of the husband will permit."
While Mr. Anders' intemperance undoubtedly played a sizeable role in the parties' marital difficulties, we do not think it automatically follows, as appellant suggests, that this fact entitles her to the "liberal" allowance contemplated by §30-2-52. The conduct of the parties is but one factor to be considered by the trial court. Gamble v. Gamble, 53 Ala. App. 168, 298 So.2d 254, cert. den. 292 Ala. 721, 298 So.2d 260
(1974).
We said in Huggins, supra, that the amount of an award of alimony in gross is a matter within the discretion of the lower court, and such awards will not be revised on appeal in the absence of an abuse of that discretion. Each case stands on its own facts and no mathematical formula may be applied. Huggins,supra.
Plain and palpable error constituting an abuse of discretion exists only where the reviewing court can draw no reasonable inference from the evidence that the decree *Page 484 
below is correct. Parsons v. Parsons, Ala.Civ.App.,337 So.2d 765 (1976).
In determining the size of the award of alimony in gross, the trial court may properly consider such relevant factors as:
 [T]he parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after their divorce; their ages, sex and health; the length of their marriage; the source (or sources) of their common property; and in appropriate situations, the conduct of the parties with reference to the cause of divorce.
Mitchell v. Mitchell, Ala.Civ.App., 351 So.2d 602 (1977) and cases cited therein.
Having reviewed the rather lengthy record in this cause, we find no abuse of discretion in the trial court's award. The testimony indicates that the five acre parcel upon which the marital home is situated was given to the Anders by Mr. Anders' parents. Mrs. Anders is employed as business manager for a "radiology group." She earns a salary of approximately $15,000-$16,000 per year. Her employers furnish her the use of an automobile and during one recent year she received an annual bonus of $5,000. Mr. Anders, a very able electrician, earned approximately $25,000 in 1976, but in 1977 his income dropped to $12,000-$14,000.
The contractor who built the Anders' home estimated its value at $60,000-$65,000. Mrs. Anders estimated the value of the marital home at $70,000. The value of the farm acreage awarded to Mr. Anders was estimated at $1,000 per acre by Mrs. Anders. Mr. Anders valued the property at $40,000-$45,000.
The testimony further indicates the following facts concerning the encumbrances on the parties' real property. The payments on the $48,000 outstanding balance of the mortgage on the marital home are approximately $500 per month. The monthly payments on the $14,000 mortgage on the farm acreage awarded to Mr. Anders are $200 per month. A five acre parcel of the farm acreage is encumbered by a mortgage procured to build a swimming pool for the marital home. The $126 per month payments on this latter mortgage are due for two to three more years.
Mrs. Anders testified that living expenses for herself and the two children would total about $1,500 per month. This monthly figure includes the amounts due as payments on the three above-mentioned mortgages. Mrs. Anders testified that during the marriage she had paid from her own salary the house payments and the debt on the pool; and that if she were awarded all the real property of the parties she would be able to meet the monthly obligations thereon.
We are unable to say how much consideration the trial court gave to the testimony regarding Mr. Anders' "fault" relative to bringing about the marital discord in determining the size of the award to Mrs. Anders; however, we do believe the trial court's decree is supported by the evidence in the record.
If, under any reasonable aspect, the decree below is fairly supported by credible evidence, it is our duty to affirm, even though our view of the evidence might be different from that held by the trial court. Linderman v. Linderman, 49 Ala. App. 662, 275 So.2d 342 (1973).
We find no abuse of discretion by the trial court, and this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 485