BRADLEY, Judge.
This a divorce case.
On July 25, 1978 Alice Compton filed a divorce action against her husband, Brooks Compton, on the ground of incompatibility. In that complaint she requested the award *896 of alimony, possession of the homeplace, and support and solicitor’s fee pendente lite.
After a hearing and on December 13, 1978 a judgment was rendered giving Mrs. Compton $250.00 per month as periodic alimony and $3,000.00 as alimony in gross; the parties would retain a joint interest in the homeplace, but Mrs. Compton would have exclusive possession until she remarried; the household furnishings were to be divided equitably; and Mr. Compton was to pay Mrs. Compton’s attorney a fee.
On December 22, 1978 Mr. Compton filed a motion for rehearing and reconsideration. This motion was continued on April 4, 1979 and was denied June 13, 1979. An appeal was then filed with this court.
The only issue before us is whether the trial court erred in awarding alimony and possession of the homeplace to appellee when the divorce was granted on the ground of incompatibility.
Mr. and Mrs. Compton had been married for thirty-six years before obtaining a divorce. During these years the two parties bought a home jointly, acquired two automobiles, all of which are paid for, and raised three children who are now grown and married.
Brooks Compton is an independent insurance agent earning approximately $17,000 a year. For the first twenty-six years Mrs. Compton maintained the home and raised the children. Mr. Compton admitted that Mrs. Compton had been a good wife and a good mother to their children.
After the children were grown, Mrs. Compton began working as a seamstress at Sears, taking home between $112 to $120 per week. This income was merged with her husband’s until about three years ago.
The testimony reveals that the marriage has had problems for quite some time. For the last three years, however, Mrs. Compton bought the groceries, paid the phone bills, and paid for their daughters’ weddings without any contribution from her husband. Although Mr. Compton did pay the utility bill, he admitted wiring the outside box and putting a lock on it at least on one occasion to keep his wife from turning on the heat. He also admitted cutting the cord of her electric blanket. Mrs. Compton testified this was done in order to keep the utility bill down. The evidence showed the average utility bill in January was $29.00. Mrs. Compton and her children further testified that Mr. Compton would not let her use the air conditioner in the summer.
In February 1978 Alice Compton incurred a hospital bill for which her husband would not allow her to file a claim against his insurance company. She had to pay the bill out of her earnings.
Mrs. Compton admitted withdrawing $5,000.00 out of their joint savings account and notifying her husband of this fact. Of this $5,000, she loaned $4,000.00 to her daughter and son-in-law to purchase a car. She has a balance of $1,700.00 in her savings account.
Evidence revealed that Mr. Compton had opened a secret savings account which now amounts to approximately $21,000.00. This had been converted into a certified check for that amount and placed in a safety deposit box.
Appellant concedes that fault is a factor that a court can consider in making an award of alimony in a divorce case based on incompatibility. Huggins v. Huggins, 57 Ala.App. 691, 331 So.2d 704 (1976). However, he contends that there was absolutely no fault on his part. We disagree that proof of fault is absent from this case; however, since we conclude that the judgment should be affirmed on another ground, we pretermit further discussion of this contention.
The appellant claims that Mrs. Compton does have a separate estate and the ability to support herself. Therefore, he should not be required to contribute to her support. We disagree. The only separate estate Mrs. Compton has is the one-half interest in the home of which she was granted possession until she remarries. Furthermore, appellee is fifty-eight years old, making between $112.00 to $120.00 a week take-home pay. The testimony showed that *897 Sears has closed down other sewing departments; thus she is not sure how long she will be employed. There was no evidence that Mrs. Compton is capable of another occupation. On the other hand, Mr. Compton has a secure job earning $17,000.00 a year, and a certified check for approximately $21,000.00. He also has a savings account of over $6,000.00, though it has a lien on it for security on one of his children’s loans.
In Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678 (1978), we said that the award of alimony was largely discretionary with the trial court, and such award will not be reversed except for a plain and palpable abuse of that discretion. There was no abuse of that discretion in the award of alimony or the possession of the homeplace.
The judgment of the trial court is affirmed.
Appellee’s request for attorney’s fee is granted in the amount of $500.00.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.