PER CURIAM.
This is an appeal from a divorce granted on the ground of incompatibility. The sole issue on appeal is whether the trial court abused its discretion in its disposition of the homeplace. This portion of the judgment required the homeplace sold, net proceeds divided equally, with right of either party to purchase from the other one-half the equity. We affirm this action by the trial court.
The husband challenges the disposition of the homeplace on two grounds: first, the wife abandoned the home by leaving and should not be entitled to any portion of it; second, the trial court abused its discretion in its order of disposition of the home by not properly taking into account the wife’s misconduct.
The relevant undisputed facts reveal that the husband made arrangements for the purchase of the homeplace approximately one month prior to the marriage which occurred in June, 1966. The deed was in husband’s name, but the wife has contributed toward its purchase by placing money into the family bank account during the marriage. This homeplace has continued to be the homeplace throughout the marriage. The wife filed for divorce in June, 1978, and moved out in July.
Additionally, the wife testified that the apparent reason for the breakdown of the marriage was her decision to change church *919 membership from the church she grew up in, got married in, and which became the family church to another local church of the same denomination. This decision was made in April, 1978. The husband substantiated this in his testimony by stating that he resented his wife changing churches because it “wasn’t family-like.” Shortly thereafter, the husband resumed smoking in the home, a practice he had foregone due to the wife’s asthmatic condition. In the next several months, the wife testified she had to make several trips to the emergency room of the hospital for respiratory attacks. She also testified that about this same time he told her he could make things so unbearable that she would be glad to leave. He testified that he took a car away from her which he was buying, and she testified she had to go out and buy another. After about two months from her decision to change churches, she filed for divorce and, one month later, she moved out of the home, taking the two children of the marriage with her.
The husband’s first ground for reversal is that, because the wife left the home, she abandoned any marital rights in that property. We disagree. The right of either spouse to any marital property is left to the sound discretion of the trial court, based on the unique facts and circumstances of each case. Kabaci v. Kabaci, Ala.Civ.App., 373 So.2d 1144 (1979). In this ease, where the wife left the home after filing for divorce under circumstances which indicate considerable acrimony, we will not say the trial court abused its discretion in allowing the wife an interest in the home-place as part of an equitable adjustment of marital property. See, Burson v. Burson, Ala.Civ.App., 363 So.2d 778 (1978).
The husband’s second ground for reversal is that the trial court abused its discretion in awarding the wife an interest in the homeplace by failing to properly take into account the gravity of the wife’s misconduct. The apparent basis for this claim is the wife’s decision to change church, membership. The court granted the divorce without a finding that either party was at fault. Regardless, fault is only one of several factors to consider when attempting to adjust the equities of the marital property. Goodwin v. Goodwin, Ala.Civ.App., 364 So.2d 678 (1978); Gamble v. Gamble, 53 Ala.App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721, 298 So.2d 260 (1974); 8 Ala. Digest Divorce ⅜=»252.2. Where, as here, the alleged fault is a change of church membership, such conduct, while certainly causing a tension in the marriage, does not rise to a level of misconduct as to preclude the trial court from exercising its discretion to award the wife a share of the homeplace. Particularly is this so when the other factors to be considered are taken into account. The trial court did not abuse its discretion.
The wife asks for a reasonable attorney’s fee, and it is granted in the sum of $500.
This case is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.