This is a divorce case.
On May 30, 1978 Bobbie Jean Sharretts filed an action in the Circuit Court of Baldwin County seeking a divorce from her husband, Walter Sharretts, Jr., on the ground of irretrievable breakdown of the marriage due to the husband's intemperance and "indifferent attitude" toward her. She requested custody of the three minor children, alimony, child support, and a reasonable attorney's fee. The trial court awarded her temporary custody of the children and $600 a month alimony and child support pendente lite.
On May 19, 1980 the trial court held a hearing and on June 26, 1980 rendered a decree. Pursuant to a motion from plaintiff this decree was modified on November 26, 1980.
The decree of the trial court divorced the parties for incompatibility of temperament after finding that the marriage had been irretrievably broken and that the parties were incompatible, awarded custody of two minor children to the mother, awarded the parents joint custody of the third and youngest child, who is an invalid and a patient in a nursing home, required the father to pay to the mother $600 per month for the two children placed in her custody plus their medical and dental expenses, required the father to pay all of the expenses attendant upon the care of the invalid child, awarded the wife $60,000 alimony in gross, payable in $15,000 per year installments, awarded the wife $200 per month in "supportive alimony" for twenty-four months "or so long as [the wife] remains feme sole," required the husband to maintain all life insurance then in force for the benefit of the wife and two older children, required the husband to convey to the wife his interest in a building lot in Loxley, Alabama, awarded to the wife all of the furniture and fixtures in the marital home "save and except items of peculiar interest or meaning to [the husband]," directed the husband to purchase or construct a $65,000 house for the wife "in the geographic limits of Baldwin County," and ordered the wife to surrender to the husband her interest in a house at Orange Beach, Alabama. After her motion for new trial was denied, Mrs. Sharretts appealed to this court. *Page 127 
The record discloses the following facts. Mr. and Mrs. Sharretts were married in Fairhope, Alabama on September 24, 1965. At the time of trial in this cause they resided on a farm near Summerdale, Alabama. Appellant is forty years old and appellee is forty-four. Both parties are in good health. Mr. Sharretts is in partnership with his father farming the two hundred forty acres that he owns. Although Mr. Sharretts' farming operations produced a comfortable income for him and his family in 1976 and 1977, they yielded only $8,000 in total income in 1978 and a $20,000 loss in 1979. Appellee testified that most of his wheat and potato crops for the year 1980 had been destroyed by inclement weather and that his farm was in the worst shape in which it had ever been.
Appellant testified that she worked on the farm alongside her husband since the day of their marriage. She said she drove trucks and tractors, worked on the potato shed, and did whatever else needed doing besides raising a family.
There were three children born of this marriage, all of whom are still minors. One of the children, the youngest, is an invalid and is in a nursing home.
Appellee said that the marital home is located on the two hundred forty acres of land he owns and he valued it between $65,000 and $90,000. The land is valued between $340,000 and $580,000. The parties also own a beach front parcel of property at Orange Beach, Alabama with a house on it valued between $90,000 and $121,475. The husband also owned a building lot in Loxley, Alabama valued between $4,000 and $5,000. The farm machinery was valued at $75,000, the irrigation equipment was valued at $40,000, and the furniture and fixtures in the marital home were valued at $15,000.
Appellee said that he had $5,000 in a checking account, that he owns a boat worth $9,000 and that he owes about $250,000. There is no mortgage on the Orange Beach property and appellee has just received $11,000 from insurance policies to cover hurricane damage. Four thousand dollars had been spent repairing the house, and the remainder had been used to meet living expenses.
The evidence shows that the appellee has always enjoyed going out on the town once or twice a week and meeting with friends on the weekends. Appellant stated that she went with her husband on these occasions and drank with him but not to the extent he would drink. She said he had established a routine in the latter part of their marriage of going to one or more of his favorite drinking places every three days and getting drunk. It would take the next day and night to get over the drinking binge and the third day he would repeat the process.
The appellee introduced evidence that since appellant filed the divorce petition and the trial court entered its pendente lite order, the appellant had been seen in the company of a male friend at a motel in Atlanta, Georgia and in several night clubs in the Baldwin-Mobile County area.
By her first issue, appellant questions the propriety of the child support award of $600 per month, i.e. she says the amount of the award is insufficient.
The amount of child support granted in a divorce case depends upon the needs of the child and the ability of the parent to pay. Hall v. Hall, 391 So.2d 122 (Ala.Civ.App. 1980).
Not only was the appellee required to pay $600 a month child support for the two children living with appellant, but he was also required to pay all of their dental and medical expenses. Moreover, appellee was required to pay all of the expenses of the invalid child who was a patient in a nursing home. There was no evidence of the specific amount needed for the support of the two children, nor of the invalid child, but appellant did testify that the $600 a month she received as pendent lite support was adequate for her and the two children so long as appellee paid the utilities and automobile expenses. We find no error in this aspect of the trial court's decree.
Appellant says next that the trial court's periodic alimony award is inadequate. *Page 128 
The matter of alimony is discretionary with the trial court, and where the evidence was taken orally, the determination of alimony will not be set aside except for plain and palpable abuse. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App. 1977). We find none here.
The evidence showed that appellee's farming operation lost $20,000 in 1979 and the prospects for 1980 were not good. The wife was in good health and operating her own business, although she stated she was not presently making any money from it.
In view of the other awards made to appellant, we cannot say that the periodic alimony award is so inadequate as to amount to an abuse of discretion.
Appellant also says that the language of the decree awarding periodic alimony is so unclear as to be unenforceable. The decree provides that "Defendant . . . pay supportive alimony of $200 per month for a period of twenty-four (24) months or so long as Plaintiff remains feme sole." We consider it not unreasonable to construe this provision to mean that appellee pays appellant $200 per month for twenty-four months or so long as she remains unmarried, whichever event occurs first.
Appellant says next that the alimony-in-gross award and the division of property are both inadequate.
The rule is well settled that a trial court has wide discretion in making a property division and in awarding alimony in gross. Weeks v. Weeks, 373 So.2d 848 (Ala.Civ.App. 1979). The division of property does not call for an equal division but only an equitable division. Weeks v. Weeks, supra.
In the present case the appellant was awarded $60,000 to be paid in four yearly installments of $15,000 each, as alimony in gross; she was awarded a building lot in Loxley, Alabama valued at between $4,000 and $5,000; she was awarded the bulk of the family's furniture and fixtures, and the appellee was directed to purchase or construct a house for appellant to cost about $65,000. The appellant was also awarded one-half of the life insurance that appellee had in force at the time of the hearing.
The trial court permitted the appellee to keep the two hundred forty acres of farm land plus the marital home which was located on the farm. The farm was the sole source of appellee's income. The appellee was also awarded appellant's interest in the beach property, and he was allowed to keep his boat and all of the farm machinery including the irrigation equipment. Appellee was also left with $273,000 in debts that must be satisfied. Based on this evidence we are unable to say that the trial court abused its discretion in the award of alimony in gross or in its division of the parties' property.
Appellant again says that the decree provision relating to the purchase of a home for appellant and the provision relating to the maintenance of life insurance are so unclear as to be unenforceable. Again, we disagree.
The decree directed appellee to purchase or construct, in consultation with appellant, a house costing about $65,000 for appellant within Baldwin County, Alabama. Although the trial court might well have reserved to itself unnecessary problems by the wording of this provision of the decree, nevertheless, the provision is clear as to what is required of the appellee so far as the alimony in gross award and property division is concerned.
The decree also required appellee to maintain in force all life insurance policies for the benefit of appellant and the two children placed in her custody. Such provision could mean only that appellee was to maintain in force all life insurance policies that were in force on the day of the hearing. We perceive no insurmountable problem in enforcing this provision of the decree.
For the above stated reasons, the judgment of the trial court is affirmed. *Page 129 
Appellant's motion for attorney's fees is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.