429 So.2d 1055 (1982)
Robert S. LAMAR, Jr.
v.
Jane Turner LAMAR.
Civ. 3328.
Court of Civil Appeals of Alabama.
December 8, 1982.
Rehearing Denied January 12, 1983.
Certiorari Denied April 15, 1983.
*1056 Alvin T. Prestwood of Prestwood & Rosser, Montgomery, for appellant.
J. Floyd Minor and James T. Sasser of Wood, Minor & Parnell, Montgomery, for appellee.
Alabama Supreme Court 82-386.
WRIGHT, Presiding Judge.
This case involves the modification of a final divorce decree.
Robert S. Lamar, Jr. and Jane Turner Lamar had been married for over seventeen years and had two minor daughters when they were divorced on May 29, 1980. The final decree incorporated a settlement agreement. At the time of the divorce, Robert was a partner in a law firm. His 1980 earnings were over $78,000. His income from the firm dropped to $52,500 in 1981. Because of his marital difficulties and the resultant effect on his productivity, by mutual consent Robert left the law firm in December 1981. He briefly practiced alone in Birmingham and is now sharing a practice with four other attorneys in Jefferson County. Because of his reduced income, Robert filed a petition for modification of the divorce decree in March 1982.
The agreement incorporated in the divorce decree provided, inter alia, that Robert pay Jane $1,700 per month as alimony (with percentage increases in years in which his income exceeded $60,000), that he pay the premiums on certain life insurance policies, and that he pay reasonable expenses for her education to qualify her for employment. Robert's petition for modification asked the court to relieve him of these payments or to substantially reduce them. Trial was had and judgment was rendered on May 22, 1982.
It was the opinion of the court that a permanent modification of the divorce decree would be premature where it was not clearly shown that Robert had suffered a permanent reduction in income. Although the evidence indicated his current income level was substantially reduced from that at the date of the divorce, it was indefinite as to his future earning ability. The court found no evidence that his reduced income was willful or a result of an intent to avoid his obligations under the divorce decree. Thus the court suspended, pending review, the following provisions of support: (1) payment of expenses for the private schooling of the two minor daughters; (2) payment of expenses of Jane's education to qualify her for employment; (3) payment of alimony over and above the sum of $1,000 per month; and (4) payment of dental expenses of the minor children not covered by *1057 insurance. The court ordered that the suspended sums would continue to accrue pending review, and reserved authority to determine the appropriateness of the repayment of those accrued sums at a later date. A hearing was set for November 15, 1982, to determine: (1) the feasibility of releasing the suspensions granted and reinstating the terms of the separation agreement; and (2) whether the accrued sums should be paid over to Jane. Robert appeals the trial court's final judgment; or, in the event this court finds the judgment not to be final in nature, he files a petition for a writ of mandamus to require the trial judge to alter his order regarding alimony.
A decree modifying a divorce decree is a final decree for purposes of appeal, even though it may be subject to modification in the future due to changed conditions. Aiken v. Aiken, 221 Ala. 67, 127 So. 819 (1930). The finality of the decree is not affected by the court's retention of the power to modify. DuBoise v. DuBoise, 275 Ala. 220, 153 So.2d 778 (1963). The judgment is final regarding the circumstances presently before the court. Miller v. Miller, 340 So.2d 823 (Ala.Civ.App.1976).
In the present case the trial court has simply modified the decree, recognizing that circumstances may change in the near future. The decree is final as to the present circumstances and is therefore final for purpose of appeal. Miller, supra.
The first issue raised on appeal is whether the trial court abused its discretion by not granting Robert a permanent modification of the divorce decree. The modification of the alimony and support provisions of a divorce decree is within the discretion of the trial court. Its judgment will be reviewed only where this court finds such an abuse of discretion as to render the judgment plainly and palpably wrong. Wier v. Wier, 410 So.2d 78 (Ala.Civ.App. 1982); Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App.1979).
We cannot say in the present case that the trial court has abused its discretion. Robert had entered into a new practice just before instituting this action; testimony substantiates the finding that it is not yet clear whether Robert has suffered a permanent reduction in income. The court's order is designed to give him some temporary relief from current financial pressures and allow him to establish himself in his new position. It is certainly within the broad discretion granted the court in such matters. Thomas v. Thomas, 281 Ala. 397, 203 So.2d 118 (1967).
In considering the amount of periodic alimony to be granted, there are several factors the court may consider, including future prospects of the parties, age, sex, health, station in life, length of marriage. Nolen v. Nolen, 398 So.2d 712 (Ala.Civ.App. 1981). In considering Robert's petition, the court could look not only to his current financial difficulties, but also to his future prospects, and the needs of his former wife. There was undisputed evidence that he received substantial sums in addition to salary when he left his former firm. He is a skilled and experienced attorney. It is reasonable to assume that his earnings will soon substantially increase. In the light of these factors, the amount of the reduction allowed by the court was not an abuse of discretion.
The final issue raised on appeal is whether the trial court erred in failing to recognize that payment of certain life insurance premiums constituted periodic alimony and was therefore modifiable. There is nothing in the record to indicate the trial court failed to recognize the payments as such. It is not necessary for this court to consider this issue. If periodic, it was within the trial court's discretion to deny Robert a reduction of those payments.
The judgment of the trial court is due to be affirmed.
The request of the wife for an award of attorney fees on appeal is granted in the amount of $500.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.