WRIGHT, Presiding Judge.
Husband appeals from a judgment of divorce. The only issue presented is a charge of abuse of discretion in the award of alimony to the wife.
The testimony was taken orally before the court upon the complaint of the husband. The divorce was granted on the ground of incompatibility. There was one child, age seventeen, remaining at home. The marriage had endured for nearly twenty-five years. There were charges and countercharges as to the respective fault of the parties in causing the irreconcilable differences between the parties. The husband was employed, earning approximately $18,-000 per year. The wife was employed part time, earning approximately $9,000 to $10,-000 per year. Her future employment was uncertain.
The wife was permitted to remain in the family home, with custody of the minor child until the child reached majority or married. In either event, the house, of the estimated value of some $78,000, is to be sold. After payment of the mortgage and other indebtedness, the remaining money from the sale is to be equally divided. The husband was directed to make the mortgage payments and pay $200 per month as child support. Other personal property was disposed of in the judgment. The wife was granted alimony in the amount of $200 per month, payment of which was deferred for a year. Thereafter payments of both child support and alimony were to be made until the child reached majority. When that event occurred, alimony was to be paid at the rate of $400 per month for one year and then revert to $200 per month.
The husband complains of both the allowance of alimony and the amount ordered paid. It is the law of this state that the allowance of alimony to either party in a judgment of divorce is within the discretion of the court. § 30-2-51, Code of Alabama as amended. The amount of such allowance is also a matter of discretion. Caylor v. Caylor, 344 So.2d 173 (Ala.Civ.App.1977). The exercise of that discretion is reviewed with a presumption of correct ness and will be reversed only if so unsupported by the evidence as to be deemed arbitrary and unjust. Miller v. Miller, 340 So.2d 823 (Ala.Civ.App.1976). We have carefully reviewed the evidence in this case — in particular, the colloquy between counsel and the court at the time of reconsideration and amendment of the original *462 judgment. It is evident therefrom that the court considered fully the evidence and the equities of the case. We cannot find a palpable abuse of judicial discretion in the judgment rendered. We therefore must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.