This is a divorce case.
The wife, through able and experienced counsel, appeals, contending the trial court, after an ore tenus hearing, abused its discretion in its awards of periodic alimony, alimony in gross and division of property. We find no such abuse of discretion as to require reversal, and affirm.
We do not deem it necessary nor prudent to set out in detail the facts of the case.
Viewing the record with the attendant presumptions accorded the trial court, the following is revealed: The husband and wife married in 1962. Two children were born of the marriage; only one was a minor at the time of the divorce. The couple separated in 1982, and were divorced on September 29, 1982.
During the marriage, the couple amassed considerable personal and real property. The husband is the sole owner of a valuable business corporation in Mobile, and owns 51% of a corporation in Pensacola, Florida. During the early years of the business, the wife worked without pay in the business. She has not worked in the business for several years. The wife has a college degree in accounting, with a good academic record.
The trial court awarded the business to the husband. To the wife the trial court awarded custody of the minor child, $700 a month in child support, $1,600 a month as periodic alimony and the sum of $75,000 as alimony in gross to be paid over an eleven year period.
In addition to the above, the trial court awarded the wife title to the family home, ten acres of land, a quarter interest in a lot, and title to three other lots. The wife also received one-half of a coin collection, the household furniture, and title to the car she drives.
In addition, the husband was ordered to pay the extraordinary medical and dental expenses of the minor child, the private school tuition of the child, the debts of the marriage including a substantial debt for medical bills on the child and $5,000 to be *Page 90 
applied as reasonable attorney's fees for the wife.
The husband was also ordered to maintain hospitalization insurance on the child and life insurance on his life in the amount of $75,000 with the wife as beneficiary during the minority of the child.
From this judgment the wife appeals, contending the trial court abused its discretion in making such an inadequate award of periodic alimony, in making an inadequate award of alimony in gross and in its division of the property.
At the onset we note the well-settled rule that the amount of periodic alimony in cases heard ore tenus is a matter within the sound discretion of the trial court, and will not be reversed on appeal unless it was so unsupported by the evidence as to be clearly unjust and palpably wrong. E.g., Coffelt v.Coffelt, 390 So.2d 652 (Ala.Civ.App. 1980); 8 Ala. Digest,Divorce, Key No. 235.
The wife argues $1,600 a month, in view of her expenses and in view of the husband's income, was an abuse of discretion. The husband's net monthly salary is approximately $6,400. From this he must provide for alimony, child support, tuition, insurance and repayment of various debts for the benefit of the wife and child as well as support himself.
Criteria considered in determining the amount of alimony includes earning ability, future prospects, age, and health of the parties, among others. E.g., Jernigan v. Jernigan,344 So.2d 778 (Ala.Civ.App. 1977). In the instant case, the wife is relatively young, educated, apparently healthy and should have good future prospects. She testified she "possibly" would return to work but not until some personal problems of the minor child were solved.
In light of the circumstances and the other provisions for the wife's benefit we find no error in the amount of periodic alimony.
Next, the wife contends the trial court abused its discretion in determining the amount of alimony in gross. Again, we note it is well settled that a trial court has wide discretion in the matter of alimony in gross. E.g., Sharretts v. Sharretts,408 So.2d 125 (Ala.Civ.App. 1981). And the trial court's actions pursuant to alimony in gross will not be revised on appeal in absence of abuse. E.g., Anders v. Anders,367 So.2d 481 (Ala.Civ.App. 1979). Each case stands on its own facts and no mathematical formula may be applied. Anders v. Anders,supra. Plain and palpable error constituting an abuse of discretion exists only where the reviewing court can draw no reasonable inference from the evidence that the decree below is correct. Anders v. Anders, supra. Furthermore, the amount awarded one spouse should not cripple the other spouse by requiring the paying spouse to sacrifice his property or business. Leo v. Leo, 280 Ala. 9, 189 So.2d 558 (1966).
In the instant case, we cannot say the trial court abused its discretion in awarding the wife $75,000 payable over an eleven year period. A larger sum payable in a lump sum could have been determined by that trial court to "cripple" the husband by forcing a sale of the business assets. As the husband testified, the business is his source of income, and without the business he could not provide support for his wife and minor child.
The wife next contends that the court erred in the property division. Again, we note it is well settled that the division of property is a matter for the sound discretion of the trial court. Sharretts v. Sharretts, supra; 8 Ala. Digest, Divorce, Key No. 252.2. The division of property does not call for an equal division but only for an equitable division. Sharretts v.Sharretts, supra.
Although the wife contends in brief she was entitled to a share of the business, we cannot say the trial court abused its discretion in not granting her a share. The husband testified that the success of the business depended on his participation in it, and that the wife would not be able to run it. A division of the business which required a sale of that business would restrict the husband's ability to provide further support. *Page 91 
We also note the wife received the home place with an equity of approximately $68,000, land with a combined equity of approximately $85,000 plus some items of personal property. In effect, the wife received all the property with the exception of the business. While the value of the business was disputed, it is clear it was worth a substantial sum. Yet the husband testified the continuing value of the business was dependent upon his continued management of it.
We acknowledge that there was conflicting evidence regarding the values and marketability of certain real estate. However, it is for the trial court to resolve those conflicts and having done so its findings are viewed with presumptions of correctness. For this court to reverse the trial court, in this instance, would necessitate our substituting our judgment for that of the trial court. This the law does not permit. Suttonv. Sutton, 55 Ala. App. 254, 314 So.2d 707 (Ala.Civ.App. 1975).
In view of the above, we find no abuse of discretion in the division of property, nor on any other grounds. We therefore affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.