HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties, made a division of property, and awarded the wife alimony.
The husband, through able counsel, appeals, contending that the trial court so abused its discretion in the division of property and in the award of alimony that reversal is required. We find no such abuse in the trial court’s action and affirm.
We deem it neither necessary nor prudent to set out in detail the facts of this appeal. The following is sufficient.
The parties were married for approximately one year. The husband is fifty-one years old and the wife is thirty years old.
The husband earns over $66,000 per year from his employment. In addition, the husband has some income from property rentals. The husband is also provided by his employer with a five-bedroom house and a company car. The employer pays most of the utilities on the house and provides gas for the car.
The wife has been employed in the past. Her last employment was working as a secretary for the husband before the marriage. She earned approximately $230 per week from this employment.
The wife was awarded $600 per month for six months, $400 per month for an additional six months, and $200 per month for the next succeeding six months. Thereafter, the wife was awarded $1 per month until she remarries or for a period of twelve years, whichever occurs first. These awards totaled $7,344.
In addition, the wife was awarded an automobile, which she had in her possession; certain household goods, which she brought into the marriage; two horses (there was some evidence that one horse was owned by the wife prior to the marriage and the other horse was owned by the wife’s daughter); one boat, which the wife won at a raffle; and $1,000 in cash.
The cases are legion which hold that the complained of matters in divorce cases are subjects which fall within the sound judicial discretion of the trial court. The trial court’s decision thereon will not be disturbed on appeal except where such discretion was plainly and palpably abused. See generally Marr v. Marr, 383 So.2d 194 (Ala.Civ.App.1980); Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (Ala.Civ.App.1974). Periodic alimony: Hilton v. Hilton, 385 So.2d 640 (Ala.Civ.App.1980); Dunnam v. Dunnam, 381 So.2d 654 (Ala.Civ.App.1980). Alimony in gross: Mitchell v. Mitchell, 351 So.2d 602 (Ala.Civ.App.1977); Huggins v. Huggins, 57 Ala.App. 691, 331 So.2d 704 (Ala.Civ.App.1976). Division of property: Harris v. Harris, 390 So.2d 293 (Ala.Civ.App.1980); Jackett v. Jackett, 380 So.2d 919 (Ala.Civ.App.1980).
Equally well established is the “ore tenus ” rule. When the trial court personally hears the evidence, as in the instant appeal, the judgment appealed from is presumed to be correct on appeal. The judgment cannot be altered on appeal if it is *383 supported by legal evidence unless the trial court’s decision was palpably wrong. Austin v. Austin, 408 So.2d 138 (Ala.Civ.App.1981); Keleher v. Keleher, 389 So.2d 1160 (Ala.Civ.App.1980).
With the above in mind, with particular emphasis on the income of the husband, the limited earning capacity of the wife, and the manner in which certain of the personal property was acquired, we cannot say that the trial court so abused its discretion that reversal is required.
For this court to reverse would be to substitute our judgment for that of the trial court. This the law does not permit. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App.1980).
The wife has requested an attorney’s fee for her representation on appeal. A fee of $500 is hereby awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.